# United States Court of Appeals for the Federal Circuit

05-3286

TOSCA P. BRENNEMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Tosca P. Brenneman, of Fresno, California, pro se.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief was Jo Ann Chabot, Attorney, Office of Personnel Management, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

05-3286

TOSCA P. BRENNEMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: February 27, 2006

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

Tosca P. Brenneman petitions this court for review of a decision of the Merit Systems Protection Board, Docket No. SF-831E-04-0613-I-1, affirming the decision of the Office of Personnel Management ("OPM"), which denied her application for disability retirement under the Civil Service Retirement System ("CSRS"). We affirm.

I

Ms. Brenneman began working for the United States Postal Service on December 6, 1980. On August 22, 2002, she applied for disability retirement under the CSRS. In her application, Ms. Brenneman stated that she suffered from depression and that the symptoms of her depression interfered with her ability to drive her delivery vehicle and to deliver the mail, as her job required. The record indicates that Ms.

Brenneman began seeing a psychiatrist and taking medication for symptoms of depression as of 1997. She continued to report to work until December 27, 2000, when she had a confrontation with her supervisor, left work, and did not return.

OPM rejected Ms. Brenneman's application. The deciding official considered Ms. Brenneman's statements, her medical documentation, a statement from her supervisor, and other evidence. Based on that evidence, the deciding official found that Ms. Brenneman had not sufficiently documented a disabling condition that prevented her from "rendering useful and efficient service for at least one year from the date of [the] application for disability retirement." Ms. Brenneman submitted additional medical records to OPM and sought reconsideration of the decision denying her application, but OPM affirmed its initial decision, concluding that even with the additional evidence Ms. Brenneman had not shown that she was eligible for disability retirement. Ms. Brenneman then appealed to the Board.

After a hearing, the administrative judge who was assigned to Ms. Brenneman's case agreed with OPM that Ms. Brenneman had failed to prove that she was disabled to the point of being unable to perform her duties. The administrative judge's decision became final when the full Board denied Ms. Brenneman's petition for review. Ms. Brenneman petitions this court for review of the Board's decision.

II

Our review of decisions denying applications for disability retirement is narrowly circumscribed. Under 5 U.S.C. § 8347(c), OPM's factual determinations regarding an applicant's disability are "final and conclusive and not subject to review." In Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985), the Supreme Court held that

our review in disability cases is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Id. at 791; see also Pitsker v. Office of Pers. Mgmt., 234 F.3d 1378, 1380-81 (Fed. Cir. 1995).

On appeal, Ms. Brenneman argues that the Board failed to consider relevant evidence, including evidence from her treating physician and the "fact that [she] can not work." In addition, she argues that the Board improperly failed to consider a letter from the Postal Service stating that it did not have work available for her. Finally, she argues that the Board applied the wrong statutes and regulations in her case and should have applied 5 U.S.C. §§ 8451-8456 and 5 C.F.R. §§ 844.101-844.203.

With respect to Ms. Brenneman's argument that the Board failed to consider evidence from her treating physician and her assertion that she is unable to work, the record indicates that the Board considered both Ms. Brenneman's testimony and the testimony of Dr. Withrow, her psychiatrist, but that the Board found that evidence insufficient to establish her eligibility for disability retirement. The record also indicates that OPM considered all of the medical documentation that Ms. Brenneman submitted, which included notes from Dr. Withrow. Both OPM and the Board referred to that evidence and gave reasons for finding it insufficient in light of the requirements for showing entitlement to disability retirement. It is not within our statutory authority to disturb OPM's ruling on this ground.

Second, Ms. Brenneman argues that the Board erred in failing to consider a letter from the Postal Service stating that it did not have work available for her "[d]ue to [her]

current medical situation." The letter to which Ms. Brenneman refers is dated January 10, 2005, and was submitted to the full Board as part of Ms. Brenneman's petition for review of the administrative judge's initial decision. In its final order, dated May 26, 2005, the Board declined to review the administrative judge's initial decision and declined to treat the January 10, 2005, letter as "new and material evidence . . . that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). We sustain the Board's decision on that issue.

Although the contents of the letter are potentially material, depending in part on the authority of the writer of the letter to speak for the agency, Ms. Brenneman submitted the letter to the full Board without any explanation regarding the authority of the author or the circumstances under which the letter was obtained. The text of the letter and the fact that the letter is dated the same date as Ms. Brenneman's petition for review suggest that the letter was issued to her in response to her request. There is no indication in the record, however, of when that request was made or whether the request could have been made (and the letter issued) prior to the closing of the record before the administrative judge.

Both this court and the Board have held that a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is material and that it could not have been obtained earlier with the exercise of due diligence. See Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675, 679 (Fed. Cir. 1990); Comer v. Dep't of Veterans Affairs, 78 M.S.P.R. 633, 636 (1998); Davis v. Veterans Admin., 31 M.S.P.R. 368, 369 n.* (1986); Landon v. Dep't of the Navy, 27 M.S.P.R. 374, 378 (1985); Abbey v. Dep't of Transp., 15 M.S.P.R. 650, 653 (1983).

When documentary materials are asserted to be new and material evidence, "the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed." Comer, 78 M.S.P.R. at 636. In the absence of an explanation for the delay in obtaining the evidence in question, the appellant "has not shown that he exercised due diligence or ordinary prudence to obtain the evidence." Id.; see Azarkhish, 915 F.2d at 679.

In Azarkhish, the petitioner submitted two medical reports that were prepared after the administrative judge's decision. While the two reports were material, we held that the full Board did not abuse its discretion in denying review of the administrative judge's decision based on the reports, because the petitioner failed to demonstrate to the full Board or argue to this court that despite due diligence the reports were not available when the record closed. Since the reports related to matters that predated the proceedings before the administrative judge, we explained that it appeared that "they could have been requested and written any time thereafter." 915 F.2d at 679.

The same principles apply here. As in Azarkhish, Ms. Brenneman failed to submit evidence to the Board, or argue to this court, that the January 10, 2005, letter could not have been requested and obtained at some time prior to the closing of the evidence before the administrative judge. In the absence of any showing as to whether the letter would have been unavailable at that time, we hold that the Board did not abuse its discretion in denying review of the administrative judge's decision despite the submission of the new evidence with the petition for review.[1]

---

[1] While the "new and material evidence" avenue is closed to Ms. Brenneman, she is not without recourse if she wishes to continue to seek relief from the Board. The

Finally, Ms. Brenneman argues that the Board applied the wrong law, and that it should have applied 5 U.S.C. §§ 8451-8456 and 5 C.F.R. §§ 844.101-844.203. We do not believe the Board erred in that regard. The statutes and regulations to which Ms. Brenneman refers concern the Federal Employees Retirement System. The record is clear, however, that Ms. Brenneman applied for retirement benefits under the Civil Service Retirement System, which is governed by 5 U.S.C. §§ 8331-8351, and part 831 of title 5 of the Code of Federal Regulations. Both OPM and the Board correctly applied the CSRS statutes and regulations in ruling on Ms. Brenneman's application. We therefore uphold the Board's ruling sustaining OPM's decision that Ms. Brenneman failed to establish her eligibility for disability retirement.[2]

AFFIRMED.

---

Board has both statutory and regulatory authority to reopen an appeal and reconsider a decision of an administrative judge at any time. 5 U.S.C. § 7701(e)(1)(B); 5 C.F.R. § 1201.118. If she can offer persuasive evidence that the Postal Service deemed her medically unfit to return to her job at the time she applied for disability retirement, despite its official position as of that time that she did not have a disabling medical condition and did not require any special accommodation, the Board can address that evidence by exercising its authority to reopen her appeal. See Bruner v. Office of Pers. Mgmt., 996 F.2d 290, 294 (Fed. Cir. 1993) (evidence that employing agency regards employee as unable to work, and has no job that it considers the employee medically capable of performing, is prima facie evidence that the employee is disabled for purposes of establishing eligibility for disability retirement).

[2] OPM correctly cited 5 U.S.C. § 8337(a) and 5 C.F.R. § 831.1203(a) as setting forth the standard for proving entitlement to disability retirement. In its initial decision, however, the Board cited 5 C.F.R. § 831.502(b). That reference was technically incorrect, as section 831.502 was revoked in 1993 and was replaced by section 831.1203. See 58 Fed. Reg. 49177, 49179 (Sept. 22, 1993). The citation error is not a basis for reversal, however, as section 831.1203 does not differ in substance from the former section 831.502 in any way relevant to this case, and the language of both regulations closely tracks the text of 5 U.S.C. § 8337(a).