NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3267

THOMAS F. O'CONNOR,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

———————————————————

DECIDED: December 11, 2006

———————————————————

Before LOURIE, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Thomas F. O'Connor petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying his application for disability retirement under the Civil Service Retirement System ("CSRS"). O'Connor v. Office of Pers. Mgmt., No. PH-0831-05-0173-I-1 (M.S.P.B. Mar. 29, 2006). We affirm.

DISCUSSION

I.

Mr. O'Connor, a former employee of the United States Postal Service, applied to OPM for disability retirement on May 22, 2003, several years after he left his employment with the Postal Service. In his application, Mr. O'Connor stated that he suffered from a number of disabling conditions, both mental and physical. In a reconsideration decision dated December 20, 2004, OPM denied the application. Mr. O'Connor timely appealed to the Board, where the case was assigned to an administrative law judge ("AJ"). Following a telephonic hearing, the AJ rendered an initial decision sustaining OPM's reconsideration decision. O'Connor v. Office of Pers. Mgmt., No. PH-0831-05-0173-I-1 (M.S.P.B. Sept. 7, 2005) (Initial Decision). The AJ's initial decision became the final decision of the Board on March 29, 2006, when the Board denied Mr. O'Connor's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.113(d). This appeal followed. We have jurisdiction pursuant to 28 U..S.C. § 1295(a)(9).

II.

Our review of decisions denying applications for disability retirement is narrowly circumscribed. Under 5 U.S.C. § 8347(c), OPM's factual determinations regarding an applicant's disability are "final and conclusive and not subject to review." See Brenneman v. Office of Pers. Mgmt., 439 F.3d 1325, 1327 (Fed. Cir. 2006). In Lindahl v. Office of Pers. Mgmt., 470 U.S. 768 (1985), the Supreme Court held that our review in disability cases is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing

legislation, or some like error going to the heart of the administrative determination." <u>Id.</u> at 791; <u>see</u> <u>also</u> <u>Pitsker v. Office of Pers. Mgmt.</u>, 234 F.3d 1378, 1380-81 (Fed. Cir. 1995).

Other than generally challenging the findings of OPM and the Board with respect to his claimed disabilities – matters which we may not review – Mr. O'Connor argues that the Board failed to take into account the Social Security Administration's ("SSA's") determination that he was disabled, which it was required to do. <u>See</u> <u>Trevan v. Office of Pers. Mgmt.</u>, 69 F.3d 520, 526 (Fed. Cir. 1995). We understand Mr. O'Connor to be making an argument of harmful procedural error, which we may review. We reject the argument, however. Although Mr. O'Connor failed to present any documentation showing SSA's determination, <u>see</u> <u>Initial Decision</u>, slip op. at 15, the AJ assumed for purposes of the appeal that SSA had made such a determination. The AJ found, however, that any such determination was outweighed by the evidence before him. A determination by SSA that an individual is disabled does not establish entitlement to CSRS disability benefits as a matter of law. <u>Trevan</u>, 69 F.3d at 526. Because the Board considered the appeal based upon the assumption that the SSA had found Mr. O'Connor to be disabled, there was no procedural error.

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.