NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3286

JOHN JAVAN WALLACE

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

John Javan Wallace, of Landover, Maryland, pro se.

Michelle A. Windmueller, Appellate Counsel, Office of the General Counsel, United States Postal Service, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, and Lori J. Dym, Chief Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.  Of counsel was Robert C. Bigler, Trial Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3286

JOHN JAVAN WALLACE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for review of the Merit Systems Protection Board
in DC0752070893-I-1.

_____

DECIDED: December 5, 2008

_____

Before MAYER, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

DECISION

John Javan Wallace appeals from a final decision of the Merit Systems Protection Board sustaining his removal from his position with the United States Postal Service. We affirm.

BACKGROUND

On August 22, 2007, the Postal Service removed Mr. Wallace from his position as a Parcel Post Machine Distribution Operator Clerk at the Washington Bulk Mail Center (BMC) in Washington, D.C. The agency's removal decision was predicated on a joint assessment by Mr. Wallace's direct supervisor, Ms. Constuella Cuffie, and the manager of distribution operations at the BMC, Ms. Paula Johnson, that Mr. Wallace was unfit for duty because he had frequently been away from his station during his shift and because his unexplained absences and irregular schedule had continued unabated in spite of repeated warnings and disciplinary actions stemming from his generally unsatisfactory attendance.

Mr. Wallace timely appealed the removal decision to the Merit Systems Protection Board. Shortly thereafter, the administrative judge who was assigned to the case issued a scheduling order that set a hearing date of November 16, 2007, and notified the parties of their obligation to submit their exhibit and witness lists by November 2, 2007. The scheduling order also warned the parties that, "[i]n presenting evidence at the hearing, you will be limited by your prehearing submissions, except for good cause shown." It is undisputed that Mr. Wallace did not file a prehearing disclosure or seek leave to proffer any evidence after the submission deadline had passed. Following the hearing on Mr. Wallace's appeal, the administrative judge ruled (1) that "the evidence overwhelmingly establishes that appellant was often away from his workstation or was asleep at the worksite as alleged by the agency," and (2) that Mr. Wallace's admitted absenteeism was not excused by his entitlement to leave under the Family and Medical Leave Act of 1993 ("FMLA") because the Postal Service had shown

that "the appellant failed to submit medical documentation" supporting an award of FMLA leave.

In his petition for review by the full Board, Mr. Wallace claimed to be in possession of new and material evidence that had not been admitted into the record below because he had been unaware of his obligation to disclose that evidence prior to the hearing date. Since Mr. Wallace had not included what he characterized as corroborating "letters and documents" in his petition, the Board directed him to submit copies of those materials by January 24, 2008. Mr. Wallace failed to respond by the stated deadline and, on May 6, 2008, the Board rejected his petition. This appeal followed.

## DISCUSSION

Mr. Wallace's petition for review by this court does not challenge any aspect of the underlying proceedings except the Board's denial of his request to reopen the initial decision on the basis of new and material evidence. The Board's regulations authorize it to grant a petition for review when it is presented with new and material evidence that, despite due diligence, was not available to the petitioner when the record closed. 5 C.F.R. § 1201.115(d)(1). The party seeking to introduce new evidence in connection with a petition for review shoulders the burden of showing that the evidence is material and that it could not have been obtained earlier with the exercise of due diligence. Brenneman v. Office of Personnel Mgmt., 439 F.3d 1325, 1328 (Fed. Cir. 2006). We find no error in the Board's conclusion that Mr. Wallace failed to meet the requirements for reopening the record on appeal.

First, Mr. Wallace did not meet his burden of demonstrating the materiality of his proposed submissions. In his petition for review by the Board, Mr. Wallace suggested that "letters and documents" in his possession would undermine the credibility of Ms. Cuffie and Ms. Johnson and prove that he was present and awake at his work station. However, Mr. Wallace failed to provide the Board with copies of the documents that he was seeking to admit into the record. In determining the materiality of the documents to which Mr. Wallace referred, the Board was entitled to conduct its own review of those documents rather than rely on Mr. Wallace's unsupported characterizations of them. In light of the fact that Mr. Wallace did not proffer the documents or otherwise prove how they would be material to his claims on appeal, the Board properly denied the petition for review.

Even if Mr. Wallace had submitted the "letters and documents" to which he alluded, his petition would still be without merit because it is clear that those materials did not constitute "new" evidence. Mr. Wallace readily acknowledges that the letters and documents were in his possession prior to the date of the initial hearing.

Finally, Mr. Wallace has not advanced any legally cognizable excuse for the delay in submitting his evidence to the Board. Although Mr. Wallace has asserted that he was unaware of the prehearing disclosure requirements and that he "did not know that" the November 16, 2007, proceeding "was a hearing," his actual knowledge or subjective understanding of MSPB procedures is irrelevant to the question of whether he has exercised due diligence, which is an objective inquiry into what he should have known had he exercised reasonable prudence. Even treating Mr. Wallace's petition as challenging the adequacy of the notices sent by the administrative judge regarding the

procedures for presenting evidence in support of his appeal, Mr. Wallace cannot prevail. The various notices and orders issued by the administrative judge stated that a hearing would be held on November 16, 2007, that evidence proffered at the hearing had to be disclosed by the prehearing submission deadline, and that Mr. Wallace would be afforded an opportunity to demonstrate good cause for introducing evidence not disclosed by that deadline. It is clear that Mr. Wallace was on notice of his procedural rights but failed to take advantage of them in a timely fashion.

We sustain the decision of the Board.