NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3132

MARIE C. MAPLES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Marie C. Maples, of Pell City, Alabama, pro se.

David M. Hibey, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3132

MARIE C. MAPLES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
AT844E080694-I-1.

_____

DECIDED: October 13, 2009

_____

Before LOURIE, LINN, and MOORE, Circuit Judges.

PER CURIAM.

Marie Maples appeals from the final decision of the Merit Systems Protection
Board (the "Board") affirming the Office of Personnel Management's ("OPM's") denial of
her application for disability retirement. Maples v. Office of Pers. Mgmt., AT-844E-08-
0694-I-1, 2008 MSPB Lexis 4449 (M.S.P.B. Oct. 18, 2008) ("Initial Decision"); Maples v.
Office of Pers. Mgmt., 110 M.S.P.R. 497 (Jan. 16, 2009) ("Final Order"). Because the
Board's decision that Maples was not "disabled" for purposes of disability retirement
benefits is supported by substantial evidence, we affirm.

BACKGROUND

Maples is employed as a secretary for the Department of Veterans Affairs, Southeastern Blind Rehabilitation Center in Birmingham, Alabama. She suffers from cytomegalovirus infection and sought disability retirement benefits based on her condition. OPM denied her application for disability retirement based on a failure to show that her cytomegalovirus condition had resulted in a deficiency in performance, conduct, or attendance, or, if there was no such deficiency, that the condition was incompatible with either useful or efficient service or retention in the position.

Maples appealed OPM's decision to the Board. In an initial decision issued on October 17, 2008, the administrative judge ("AJ") affirmed OPM's decision. The AJ found that, although Maples had presented medical evidence showing that she suffers from cytomegalovirus infection, she remained employed, and her performance and attendance had been satisfactory. Indeed, according to the AJ, Maples' most recent performance appraisal had been "excellent," the agency's second highest possible rating in a five-tier rating system. The AJ further reasoned that Maples had not proven that her cytomegalovirus condition rendered her unable to perform useful and efficient service in her position, given that her essential duties were performed while sitting at a desk. The AJ added that Maples' personal considerations, such as difficulty commuting and performing household chores, were irrelevant to whether she could perform secretarial duties. If need be, according to the AJ, she could request assistance in processing the mail if walking the required distances posed undue difficulty. Thus, according to the AJ, Maples had shown neither a deficiency in her performance or

attendance, nor new medical evidence that her condition was incompatible with either useful and efficient service or retention in her position.

The AJ also found that, although Maples had recently received an increased VA disability rating showing that she could only walk approximately 150 yards and stand for approximately five minutes, such a limitation would not necessarily render her unable to perform her secretarial duties. Thus, Maples' VA disability rating, which bears on her military service, was found insufficient to establish that she was entitled to disability benefits.

Maples petitioned for review of the AJ's decision. In a decision issued on January 16, 2009, the Board denied the petition, concluding that there was no new, previously unavailable evidence and that the AJ made no error in law or regulation that affected the outcome. Thus, the AJ's initial decision became final.

Maples timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McEntee v. Merit Sys. Prot. Bd., 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quotation marks omitted). The

scope of our review of disability determinations is further limited by 5 U.S.C. § 8347(c), which states that OPM's determinations as to disability "are final and conclusive and are not subject to review" except by the Board. Thus, we have no jurisdiction to review the "factual underpinnings" of disability determinations; we can only correct "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985); see Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 625 (Fed. Cir. 1995).

Maples argues that her performance has in fact been deficient, as she received only an "excellent" performance rating, rather than an "outstanding" rating. Further, according to Maples, she has not been allowed to work from home, exacerbating her condition. She also argues that she presented a preponderance of objective medical evidence, including her record of sick leave, to prove her disability, and that the Board did not adequately consider the evidence.

The government responds that the Board properly considered all of the facts surrounding Maples' appeal, and she does not qualify for disability retirement benefits because she has received excellent performance ratings and satisfactory attendance ratings. Further, according to the government, even though Maples' performance rating was "excellent" instead of "outstanding," 5 U.S.C. § 8451(b) requires that she be unable to render "useful and efficient service" to qualify as "disabled," which she has not proven. The government also responds that, despite sufficient evidence that Maples suffers from cytomegalovirus infection, she did not present sufficient evidence that her condition has resulted in an inability to perform her job, so the Board correctly

determined that Maples had not set forth any "objective diagnostic or treatment evidence pertaining to her claimed [cytomegalovirus infection]."

We agree with the government that Maples has set forth no basis for disturbing the Board's decision. An employee is entitled to disability retirement when she is "disabled for useful and efficient service . . . because of disease or injury." 5 U.S.C. § 8451(b). OPM has interpreted the "disabled" condition to require that the employee "bec[a]me disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position." 5 C.F.R. § 844.103(a)(2). The Board's decision that Maples was not "disabled" for purposes of disability retirement benefits is supported by substantial evidence. Although Maples did not receive the highest possible rating, her rating of "excellent," combined with her satisfactory attendance record, supports the Board's determination that there was no deficiency in Maples' performance or attendance. Further, Maples did not provide, from the record that was before the Board, documentation that her cytomegalovirus condition is "incompatible with either useful and efficient service or retention in the position" of secretary. Moreover, as indicated, we have no jurisdiction to review the factual underpinnings of a disability determination, and we do not find "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Lindahl, 470 U.S. at 791.

On April 21, 2009, while her case was on appeal, Maples moved this court to supplement the record with new medical evidence in order to establish that her

cytomegalovirus condition is incompatible with her service in her position. Because this is a court of appeals, and our review is generally limited to the evidence that was available to the Board when it made its decision, we must deny Maples' motion. In general, we do not consider new evidence that was not before the court or agency from which an appeal was taken. See Moore U.S.A., Inc. v. Standard Register Co., 229 F.3d 1091, 1116 (Fed. Cir. 2000); Fed. R. App. P. 10(a). Further, especially given the statutory limit on our jurisdiction over disability determinations, we cannot second-guess the Board's findings, with or without the new evidence that Maples submits. Only the Board has the power to weigh such evidence.

We note, however, that the Board has authority to reopen its own cases and consider new evidence. See 5 C.F.R. § 1201.118. Indeed, the Board is expressly authorized to reopen a case if Maples were to establish that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d)(1); see Brenneman v. Office of Pers. Mgmt., 439 F.3d 1325, 1328 (Fed. Cir. 2006) ("When documentary materials are asserted to be new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed." (quotation marks omitted)). Maples' medical reports are dated April 2009, after the Board's record was closed. Thus, the proper vehicle for Maples to present her new medical evidence is by filing a motion to reopen at the Board.

Accordingly, we affirm the Board's decision and deny Maples' motion to submit new medical evidence.

2009-3132

COSTS

No costs.