NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAYBELL SMITH,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2009-3248

---

Petition for review of the Merit Systems Protection Board in DA831E080476-I-1.

---

Decided: June 14, 2010

---

SHEILA F. CAMPBELL, Sheila Campbell, P.A., of North Little Rock, Arkansas, for petitioner.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel was PAUL ST.

HILLAIRE, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

---

Before NEWMAN, LINN, AND DYK, *Circuit Judges*.

PER CURIAM.

Petitioner Maybell Smith appeals a final order of the Merit Systems Protection Board ("Board"), *Maybell Smith v. Office of Personnel Mgmt.*, No. DA-831E-08-0476-I-1 (M.S.P.B. June 25, 2009) ("*Order*"), making final the administrative judge's initial decision sustaining the denial of her application for disability retirement under the Civil Service Retirement System ("CSRS") by the Office of Personnel Management ("OPM"). *Maybell Smith v. Office of Personnel Mgmt.*, No. DA-831E-08-0476-I-1 (M.S.P.B. Mar. 13, 2009) ("*Initial Decision*"). We affirm.

Smith was a medical support assistant at the Department of Veterans Affairs from June 7, 1999 to October 13, 2006, a role in which she performed various clerical duties at the Central Arkansas Veterans Healthcare System. In early 2006, Smith began to use cocaine. In March 2006, she entered a drug rehabilitation clinic, but later withdrew after testing positive for cocaine. In June 2006, Smith's supervisor noted that her performance had become unacceptable, and in July 2006, Smith was suspended through August 10, 2006 for improper conduct. On July 22, 2006, Smith was involved in a car accident with a stationary object, in which drugs contributed to the crash. Shortly thereafter, Smith applied for disability under the CSRS. On October 13, 2006, Smith was removed from her position for improper conduct. On August 9, 2007, the Social Security Administration ("SSA") determined that Smith met the requirements for disability

benefits on the basis of depression, substance abuse, and degenerative disc disease, and noted that "we are unable to establish your onset date as you have requested. Therefore based upon all the available medical evidence, we have established your onset date as 10/15/2006." On January 2, 2008, the OPM denied Smith's request for disability, and on June 23, 2008, Smith's request for reconsideration was denied. Smith appealed the Board, which affirmed the OPM. Smith timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

Our review of decisions of the Board is limited by statute. We will overturn the Board only if the Board's decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). When reviewing OPM disability determinations, we are further restricted by 28 U.S.C. § 8347 to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 791 (1985). We may not review OPM's factual determinations. *Id.* at 779-80.

To be eligible for disability benefits, the applicant must show by a preponderance of the evidence, *see Dunn v. Office of Personnel Mgmt.*, 60 M.S.P.R. 426, (M.S.P.B. 1994), 5 C.F.R. § 1201.56(a), that she was "unable, because of disease or injury, to render useful and efficient service in the employee's position." 5 U.S.C. § 8337(a). The Board determined that Smith was unable to meet that burden for two reasons. First, though "[t]here is no dispute that the appellant suffers from the medical conditions cited in her application [for disability benefits],"

there was no evidence that Smith was unable to perform her duties because of those disabilities. The closest evidence, Dr. Lewis's progress report, merely noted that *Smith herself* said she could not work, and did not proffer a medical diagnosis to that effect, and "none of the physicians cited any laboratory or medical test results to describe or confirm what the appellant's limitations or restrictions are." *Initial Decision* at 7.

The Board supported its conclusion as to the lack of nexus between Smith's disability and her inability to work by noting that "the evidence must establish the degree to which the pain can or cannot be controlled." *Id.* at 8 (citing *Holland v. Office of Personnel Mgmt.*, 45 M.S.P.R. 645, 650-51 (1990)). Here, the Board found that Smith did not produce evidence that she attempted and failed to have her pain treated by methods other than Oxycontin (which she could not take because of its addictive characteristics). *Id.*

Smith contests the Board decision for three reasons. First, she argues that the board failed to consider the subjective evidence, contrary to our decision in *Vanieken-Ryals v. Office of Personnel Mgmt.*, 508 F.3d 1034 (Fed. Cir. 2007). Second, she argues that the Board improperly saddled her with the burden of proof, when it should have been placed on the agency. Finally, she argues that SSA's determination of her eligibility for disability benefits supports her claim for disability through the CSRS. None of these arguments are persuasive.

As to her first argument, Smith put forth, and the Board considered, the following evidence:

- January 2006 through December 2006 progress notes from Dr. Derek Lewis, one of which noted that *Smith said* she was unable to return to work because of back pain

- A July 22, 2006 post-accident report by Dr. Michael T. King, diagnosing Smith with: "(1) no definite acute cervical spine injury; (2) mild to moderate multilevel spondylosis; and (3) a minimal anterolisthesis of C5 on C6," which was "most likely degenerative in origin."

- Smith's application for disability retirement, from July 29, 2006, claiming her inability to perform her duties due to her physical injuries, sleep disorder, congestive heart failure, pain and the resultant irritability, and medication-induced sleepiness.

- Progress reports from July 29, 2006 to January 18, 2008, indicating depression and back pain, and noting prescribed medicines for her condition.

- The aforementioned August 9, 2007 letter from the SSA concluding that Smith was eligible for disability benefits as of October 15, 2006.

- An August 20, 2007 letter from Dr. Kendall L. Wilson, based on X-rays taken on August 8, 2007, noting that Smith had constant pain in the spine, and diagnosed her with "lumbar disc degeneration, cervical disc degeneration, ligamentous instability, and cervical and lumbar radiculitis."

- Smith's affidavit of January 8, 2009, setting forth the responsibilities of her job, the facts of her accident, her pain medicine addiction, insomnia, "degenerative disc disease at C6-7 and arthritic changes in the

cervical spine," and noted that she was in-capacitated and unable to work because of pain and depression.

Lacking from this list is anything like the medical evidence put forth in *Vanieken-Ryals*, 508 F.3d 1034 (Fed. Cir. 2007), on which Smith places her primary reliance. Our decision in *Vaniekan-Ryals* required that OPM and the Board consider "competent medical evidence," even where the doctors' conclusions were based on the subjective observations of the doctor and the patient's own statements. That case did not hold that the applicant's own statements that she is unable to work, unsupported by either objective or subjective medical evidence, are sufficient to support eligibility for disability benefits. Consistent with *Vanieken-Ryals*, the Board's decision here specifically noted that "an applicant may prevail based on medical evidence that consists of a medical professional's conclusive diagnosis, even if based primarily on the applicant's own descriptions of symptoms and other indicia of disability." *Initial Decision* at 8. However, the Board found that Smith failed to present any medical evidence—again, subjective or objective—that her disability prevented her from performing her job.

The Board also properly determined that Smith's diagnosis of depression could be relevant, but again found that "none of the physicians explained specifically how or why the appellant's psychological condition precluded her from performing the duties of her position." *Id.* The Board's proper statement and application of law and the lack of any kind of medical evidence evincing Smith's disability-induced inability to perform her job convince us that the Board has not committed legal error, but simply weighed the evidence, and found Smith's case lacking. Because we may not reweigh the evidence, *see Brenneman*

*v. Office of Personnel Mgmt.*, 439 F.3d 1325, 1327 (Fed. Cir. 2006), we reject Smith's first argument.

We also reject Smith's second argument. Smith argues that where "the agency has already separated the claimant from service because of disability," there is an "evidentiary presumption which serves to shift the burden of coming forward to the government." Smith's Principle Br. at 25. Smith relies on *Bruner v. Office of Personnel Mgmt.*, 996 F.2d 290, 293 (Fed. Cir. 1993), a case relating to an employee's separation from service because of disability. However, Smith's underlying factual premise, that she separated from the service "because of disability," is unsupported by the record. The Board specifically found that Smith's physical or mental problems were *not* the cause of her removal. *Initial Decision* at 7-8. As a factual question, this is not subject to our review on appeal. *Lindahl*, 470 U.S. at 791. As such, *Bruner* is inapplicable, and the "general rule [] that the burden of proving entitlement is upon the person who asserts that he/she is disabled," is preserved. *Bruner*, 996 F.2d at 292.

As for Smith's final argument, while we agree with Smith's premise that the SSA decision that she is entitled to SSA benefits may inform the Board's decision, that determination is not binding as to the CSRS determination. *See Tevan v. Office of Personnel Mgmt.*, 69 F.3d 520, 526 (Fed. Cir. 1995). The Board took into account the SSA determination, noting our decision in *Trevan* and the fact that the SSA's date of onset was *after* Smith's separation from the Department of Veteran's Affairs, and concluded that such evidence was not persuasive in this case. *Initial Decision* at 9. We are again precluded by our standard of review from reweighing this determination. Therefore the SSA decision is not a basis on which we can reverse the Board's determination.

For all of these reasons, the decision of the board is affirmed.

## **AFFIRMED**

### COSTS

No costs.