NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SAMUEL EARL TOOTLE, II,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3182

---

Petition for review of the Merit Systems Protection Board in No. AT4324120819-I-1.

---

Decided: March 7, 2014

---

SAMUEL EARL TOOTLE, II, of Biloxi, Mississippi, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before REYNA, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Samuel Earl Tootle, II, seeks review of a decision by the Merit Systems Protection Board that it lacked jurisdiction over his appeal under the Uniformed Services Employment Rights Act of 1994 ("USERRA"), codified at 38 U.S.C. §§ 4301-335. We affirm.

BACKGROUND

Mr. Tootle served in the United States Navy from April 1979 until June 1993. Although Mr. Tootle received three honorable discharges during his military career, Mr. Tootle's fourth and final discharge was dishonorable, based on a court martial conviction. As a result of his conviction, Mr. Tootle was incarcerated from November 6, 1997, until October 16, 2003.

Effective August 28, 2011, the Department of Veterans Affairs (the "agency") appointed Mr. Tootle to a position as a Housekeeping Aid at the Veterans Health Care System in Biloxi, Mississippi. This appointment was subject to a two-year probationary period. On August 29, 2011, Mr. Tootle filled out Optional Form 306, Declaration for Federal Employment. In response to question 9 on that form, which asks "During the last 10 years, have you been imprisoned, been on probation, or been on parole?," Mr. Tootle responded "No."

The agency conducted a routine background investigation of Mr. Tootle during the first few months of his probationary employment. It learned that Mr. Tootle had been "convicted of a court martial and received a dishonorable discharge from the United States Navy and incarcerated from November 6, 1997 to October 16[,] 2003." This meant that Mr. Tootle's response to question 9 on Optional Form 306 was inaccurate. On November 1, 2011, the agency notified Mr. Tootle of the results of its investigation and that it intended to terminate his appointment in accordance with 5 C.F.R. § 315.805. On

June 1, 2012, after receiving Mr. Tootle's response to the allegations, the agency notified him that it would be terminating his employment as of June 16, 2012. Mr. Tootle resigned from his position on June 15, 2012, one day before the effective date of his termination.

On July 11, 2012, Mr. Tootle filed a claim under USERRA with the Veterans' Employment and Training Service, which then assigned the claim to the Office of Special Counsel in accordance with the applicable law. On July 30, 2012, the Office of Special Counsel notified Mr. Tootle that it had completed its review of his complaint, but that it was unable to take further action because his dishonorable discharge meant that he was not entitled to the protections of USERRA.

Mr. Tootle then filed an appeal with the Merit Systems Protection Board alleging (1) that the decision to terminate his employment violated agency procedures, was a prohibited personnel practice, or was not in accordance with law, (2) that the agency violated his rights under USERRA, and (3) that the agency violated a law or regulation relating to a preference for veterans. The administrative law judge docketed Mr. Tootle's appeal as three separate appeals.

On September 12, 2012, an administrative law judge dismissed the first appeal for lack of jurisdiction. The next day, the administrative law judge issued orders in the two other appeals, addressing whether Mr. Tootle's USERRA and veterans' preference claims were within the Board's jurisdiction. The USERRA order, which is the subject of the present appeal, specifically explains that there are two types of cases arising under USERRA that are within the Board's jurisdiction (discrimination and reemployment cases) and details the "non-frivolous allegations," *i.e.*, allegations "supported by affidavits or other evidence," that an appellant would have to make in order to come within either category. The orders gave Mr.

Tootle twelve days to file a response that addressed the identified jurisdictional requirements.

On September 26, 2012, Mr. Tootle filed a motion requesting a 60-day extension of time to file a response to the "COURTS MULTIPLE ORDERS." Although Mr. Tootle did not specify the orders for which he was seeking an extension, it appears that he meant to ask for an extension to respond to the September 12, 2012, dismissal for lack of jurisdiction as well as the two September 13, 2012 jurisdictional orders. On October 4, 2012, the administrative law judge granted Mr. Tootle's request in part, allowing him until October 18, 2012, to respond to the "Board's September 13th Order." The administrative law judge did not clarify which of the Board's September 13, 2012 jurisdictional orders it was referring to, but the docket number indicates that it was the USERRA appeal.[1]

Mr. Tootle filed no response to the USERRA jurisdictional order, and on November 21, 2012, the administrative law judge issued an initial decision on the merits. The judge stated that, in order to "establish jurisdiction over a USERRA discrimination appeal under 38 U.S.C. § 4311(a), an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied his initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service." *Tootle v. Dep't of Veterans Affairs*, No. AT-4324-12-0819-I-1, slip op. at 3 (M.S.P.B.

---

[1] There is no indication in the record before us that the administrative law judge separately addressed Mr. Tootle's requests for extensions to respond to the other two orders, and we therefore understand those to have been denied.

Nov. 21, 2012). The judge found that, although Mr. Tootle served in the military and was the subject of an adverse employment decision, he failed to allege that the proposed removal resulted from his performance of his military service. The judge also noted that, even if Mr. Tootle had made such an allegation, he was disqualified from seeking relief under USERRA because of his dishonorable discharge. The judge therefore dismissed the appeal for lack of jurisdiction.

Mr. Tootle filed a petition for review with the Board. In his petition, Mr. Tootle alleged for the first time that the agency had discriminated against him when it proposed his removal based on his court martial conviction and dishonorable discharge. On August 22, 2013, the Board denied the petition for review and issued a final order affirming the dismissal. The Board explained that, although Mr. Tootle now alleged that the agency had discriminated against him for incidents that occurred during his military service, it would not consider that allegation because Mr. Tootle had not made the allegation until his petition for review and he had failed to make a showing that it was based on new and material evidence not previously available. The Board also found that it lacked jurisdiction on the independent ground that Mr. Tootle's dishonorable discharge terminated his entitlement to pursue a claim under USERRA.

Mr. Tootle appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the Board has jurisdiction over an appeal is a question of law, which we review without deference. *Hayes v. U.S. Postal Serv.*, 390 F.3d 1373, 1376 (Fed. Cir. 2004).

The Board has jurisdiction over claims made by federal employees who are entitled to the rights and protec-

tions of USERRA.  38 U.S.C. §§ 4304(1), 4324(b); 5 C.F.R. § 1208.2(a).  That Act provides specific rights to workers who have been "denied . . . employment, reemployment, retention in employment, promotion, or any benefit of employment" because of their military service.  38 U.S.C. § 4311(a); 5 C.F.R. § 1208.2(a).  In order to establish that the Board has jurisdiction over an appeal based on an alleged USERRA violation, a petitioner must make non-frivolous allegations that he or she was a member of the uniformed services, and was denied initial or continued employment or a benefit of employment, and that military service was a "substantial or motivating factor" in the denial.  *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001); *see Hayes*, 390 F.3d at 1376.  The Board properly found that Mr. Tootle failed to do so.

The administrative law judge's jurisdictional order correctly informed Mr. Tootle that his USERRA claim depended on his making a non-frivolous allegation that the performance of his military service was "a substantial or motivating factor" in the agency's decision to terminate him.  Despite being advised of this requirement and requesting and receiving additional time to respond to the Board's order, Mr. Tootle chose not to make the required evidence-supported allegation at any time before the administrative law judge dismissed his USERRA appeal. Mr. Tootle did eventually allege that the agency discriminated against him on the basis of his prior military service (*i.e.*, a court martial that occurred during his military service, and subsequent conviction and dishonorable discharge), but he did not make that allegation until his petition for review.  We see no error in the Board's decision not to consider this new allegation made by Mr. Tootle.

The applicable regulation provides in relevant part that the Board "may grant a petition . . . for review" when it is established that "[n]ew and material evidence . . . is available that, despite due diligence, was not available

when the record closed." 5 C.F.R. § 1201.115(d); *see Brenneman v. Office of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006) ("Both this court and the Board have held that a party submitting new evidence in connection with a petition for review must satisfy the burden of showing that the evidence is material and that it could not have been obtained earlier with the exercise of due diligence."). Mr. Tootle did not meet his burden. As the Board correctly pointed out, Mr. Tootle failed to show that his new discrimination allegation was in any way based on new and material evidence: He failed to make any statement in his petition for review explaining why he could not have made this allegation earlier, before the record closed. In these circumstances, the Board committed no error in declining to consider the new allegation, denying the petition for review, and affirming the administrative law judge's determination that the USERRA claim was deficient for jurisdictional purposes.

The Board likewise committed no error in finding no jurisdiction on a second ground—that, even if Mr. Tootle had made the required discrimination allegation, he still could not pursue a claim under USERRA. Under the plain language of 38 U.S.C. § 4304(1), "[a] person's entitlement to the benefits [of USERA] . . . terminates upon the occurrence of . . . [a] separation of such person from such uniformed service with a dishonorable or bad conduct discharge." Despite Mr. Tootle's three honorable discharges, his one dishonorable discharge takes away any standing he would otherwise have had to bring his USERRA claim. *Downs v. Dep't of Veterans Affairs*, 110 M.S.P.R. 139, 146-47 (2008); *Whisnant v. U.S. Postal Serv.*, NY-3443-99-0131-I-1, 1999 WL 803850 (M.S.P.B. Sept. 29, 1999) (affirming a dismissal for lack of jurisdiction under section 4304 where the appellant's discharge from the military was dishonorable).

In response, Mr. Tootle argues that section 4304, in terminating USERRA rights for those dishonorably

discharged, is unconstitutional on equal protection, due process, or cruel and unusual punishment grounds. This argument, even if it had merit, would not undermine the correctness of the Board's dismissal, because it has no bearing on the independent ground that he did not present necessary allegations under USERRA. In any event, we see no merit in the argument. Mr. Tootle has not pointed to anything in the cited constitutional standards that prevented Congress from excluding those dishonorably discharged from the special benefits it provided to those who served in the military and completed such service honorably. Mr. Tootle was entitled to pursue remedies available to those not granted the special benefits of USERRA, which is a step that he, in fact, took.

Mr. Tootle's remaining arguments do not alter our conclusion. Mr. Tootle contends that certain facts and documents were not included in the record before the Board, but most of the identified documents are orders in a separate appeal that would not alter our holding in the present appeal. And to the extent that Mr. Tootle contends that the administrative law judge erred by not providing him with the full 60-day extension that he requested, we see no abuse of discretion in the provision of only fourteen days—which, in any event, has no effect on the dishonorable-discharge bar to Mr. Tootle's claim.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.

## **AFFIRMED**