NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NATALIE EDWARDS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-1889

_____

Petition for review of the Merit Systems Protection Board in No. DC-844E-21-0191-I-1.

_____

Decided: September 15, 2025

_____

JENNIFER DUKE ISAACS, Melville Johnson, P.C., Atlanta, GA, for petitioner.

AUGUSTUS GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and ANDREWS, *District Judge*.[1]

PER CURIAM.

Natalie Edwards appeals the decision of the Merit Systems Protection Board (Board), which affirmed the Office of Personnel Management's (OPM's) determination that Ms. Edwards's request for reconsideration of her disability retirement denial was untimely and unexcused. *See Edwards v. Off. of Pers. Mgmt.*, No. DC-844E-21-0191-I-1, 2024 MSPB LEXIS 1816 (M.S.P.B. Apr. 3, 2024) (*Final Order*)[2]; *see also Edwards v. Off. of Pers. Mgmt.*, No. DC-844E-21-0191-I-1, 2022 MSPB LEXIS 591 (M.S.P.B. Feb. 17, 2022) (*Initial Decision*).  For the following reasons, we *affirm*.

## BACKGROUND

Ms. Edwards worked for the Department of the Treasury in its Financial Crimes Enforcement Network as a Senior Advisor (Program Specialist) for approximately 13 years before resigning for medical reasons.  On or about the same day that she resigned, Ms. Edwards filed an application for a disability retirement annuity under the Federal Employees Retirement System.  OPM determined that Ms. Edwards did not meet the criteria for disability retirement because she was not disabled within the meaning of the law.  OPM sent an initial decision letter dated July 23, 2020 to Ms. Edwards, informing her of its determination and providing Ms. Edwards with instructions as to how she could request reconsideration of the initial decision.  The

---

[1]    Honorable Richard G. Andrews, District Judge, United States District Court for the District of Delaware, sitting by designation.

[2]    Because the electronic version of this decision lacks page designations, we employ the pagination used in the decision at J.A. 1–9.

instructions stated that the "request for reconsideration must be *received by OPM* within 30 calendar days of the date of this letter. If your request for reconsideration is received by OPM after the 30-day time limit, we must dismiss your request as not timely filed." J.A. 39 (emphasis in original); *see also* 5 C.F.R. § 841.306(d)(1). Based on the July 23, 2020 date of OPM's initial decision letter, the deadline for OPM's receipt of Ms. Edwards's request for reconsideration was August 22, 2020. Because August 22, 2020 was a Saturday, Ms. Edwards's deadline was automatically extended to the next day that was not a Saturday, Sunday, or legal holiday: Monday, August 24, 2020. 5 C.F.R. § 831.107.

Although Ms. Edwards signed and dated her request for reconsideration on August 20, 2020, she did not mail her reconsideration form to OPM until August 24, 2020; OPM did not receive her reconsideration request until August 27, 2020. *See* J.A. 51–53. OPM noted that even though Ms. Edwards's reconsideration request arrived past the deadline, she could seek a waiver of said deadline if she could show either that she was not notified of the time limit, or that she was prevented by circumstances beyond her control from timely making her request for reconsideration. Ms. Edwards timely submitted her waiver request, asserting that she was prevented from timely submitting her reconsideration form as a result of the COVID-19 pandemic, serious illness, incapacitation, mandated travel restrictions, and mail delays.

After OPM determined that Ms. Edwards did not qualify for a waiver of the time limit and dismissed her request for reconsideration as untimely, Ms. Edwards appealed to the Board. The administrative judge held a hearing and then issued an initial decision affirming OPM's dismissal of Ms. Edwards's request for reconsideration. *See Initial Decision*, 2022 MSPB LEXIS 591, at *1. In so doing, the administrative judge found that (1) Ms. Edwards's reconsideration request was postmarked on August 24, 2020 and

received by OPM on August 27, 2020; (2) she was notified of the relevant time limit to submit her reconsideration form; and (3) Ms. Edwards had failed to show that circumstances beyond her control prevented her from timely requesting reconsideration. *Id.* at \*15–28. Ms. Edwards appealed to the full Board, arguing for the first time that she also faxed her reconsideration request to OPM on August 24, 2020. *Final Order*, 2024 MSPB LEXIS 1816, at 1–2. On April 3, 2024, the full Board affirmed the initial decision "[a]fter thoroughly searching the record . . . [and] determin[ing] that [Ms. Edwards] never raised this [fax-related] argument or provided the fax receipt or her handwritten note" showing she timely faxed in her reconsideration request. *Id.* Ms. Edwards now petitions us for review of the Board's final decision.

## DISCUSSION

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An agency decision has substantial evidence if it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Berlin v. Dep't of Lab.*, 772 F.3d 890, 894 (Fed. Cir. 2014) (citation omitted).

### I. Timeliness of Petitioner's Request

Ms. Edwards contends that the Board erred in determining that her reconsideration request was untimely. *See* Pet'r's Br. 10. Specifically, Ms. Edwards argues that the Board overlooked her reconsideration form, which she timely faxed on August 24, 2020. *Id.* at 11 (citing J.A. 48–52). Although Ms. Edwards admits that she failed to provide proof of the fax to the administrative judge, she argues that OPM knew or should have known that her reconsideration was timely filed and should have provided that

information to the judge. *Id.* at 12. We are not persuaded that the Board erred.

Ms. Edwards does not point to any place in the record where she made any claim to OPM or the administrative judge that she timely faxed the reconsideration request on August 24, 2020. *See id.* at 10–12. A review of the record before us only shows that Ms. Edwards consistently argued that she timely *mailed* the reconsideration request, without any reference to a simultaneous fax. *See, e.g.*, J.A. 133 ("The certified letter requesting reconsideration I mailed, postmarked 8/24/20 . . . ."); J.A. 138 (timeline created by Ms. Edwards showing only that her request for reconsideration was via "POSTMARKED Certified Mail to OPM," without reference to any fax); J.A. 212 ("On August 24, 2020, Appellant timely submitted her Reconsideration Request to OPM via certified mail."). The Board thus reasonably determined that Ms. Edwards had never raised the argument to OPM or the administrative judge that she had timely faxed the reconsideration request. *See Final Order*, 2024 MSPB LEXIS 1816, at 1–2. The Board accordingly acted within its discretion in declining to consider this new argument. *See* 5 C.F.R. § 1201.114(a)(4) (once the record closes, no additional evidence or argument will be accepted unless it is "new and material as defined in § 1201.115(a)(1) and (d), and . . . not readily available before the record closed"); 5 C.F.R. § 1201.115(d); *see also Brenneman v. Off. of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006). We similarly decline to consider evidence that was not first presented to the administrative judge. *See Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.").

## II. Tolling of Petitioner's Deadline

OPM has discretion to extend the time limit for filing a request for reconsideration only when an individual shows that (1) she was not notified of the time limit and was not otherwise aware of it; or (2) she was prevented by circumstances beyond her control from making the request within the time limit. *Azarkhish v. Off. of Pers. Mgmt.,* 915 F.2d 675, 677 (Fed. Cir. 1990); *see also* 5 C.F.R. § 841.306(d)(2). On appeal to the Board, the appellant must prove by a preponderance of evidence that one of these two situations occurred; only if such a showing is made will the Board consider whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit. *See Azarkhish*, 915 F.2d at 677–78.

Ms. Edwards does not contend that she was not properly notified of the time limit. *See generally*, Pet'r's Br. 12–18; *see also Initial Decision*, 2022 MSPB LEXIS 591, at *17 ("I find that the appellant has not offered evidence that she lacked notice of OPM's time limitation for requesting reconsideration."). Instead, she argues that circumstances related to COVID-19 and her health prevented her from mailing her reconsideration request prior to August 24, 2020, and that OPM's denial of her request for a waiver was unreasonable and an abuse of discretion. *See* Pet'r's Br. 12–18. Although we are sympathetic to the difficulties Ms. Edwards experienced, we are not persuaded that the Board's determination that Ms. Edwards failed to meet her burden was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c).

Ms. Edwards's brief restates the arguments that she unsuccessfully presented to the Board. *Compare* Pet'r's Br. 12–18 (Ms. Edwards arguing that she timely faxed her reconsideration request or, alternatively, her deadline to file said request should be tolled due to circumstances outside her control), *with* J.A. 54–55; J.A. 62–68; J.A. 215–17

(arguing same).  Ms. Edwards re-asserts that the circumstances preventing her from timely requesting reconsideration included travel orders restricting her movement during the COVID-19 pandemic, an acute and severe illness during a portion of the relevant time period, and complete dependency on her husband for transportation. Pet'r's Br. 14–15.  She does not offer any new evidence or argue that the Board applied the wrong law in affirming OPM's denial to extend the time limit for Ms. Edwards to file her reconsideration request.  *See id.*

Instead, Ms. Edwards disagrees with the administrative judge's conclusions, claiming that the administrative judge "minimized" and "ignored" her allegations.  *See id.* But Ms. Edwards does not explain why it was unreasonable for the administrative judge to find that neither the COVID-19 pandemic restrictions nor her illnesses prevented her from traveling to the post office, as she was able to go there multiple times within the period provided for filing a request for reconsideration.  *See id.* at 15–17; *see also Initial Decision*, 2022 MSPB LEXIS 591, at *5 (showing Ms. Edwards going to the post office on August 5 and August 24, 2020); *id.* at *23 ("Even taking the appellant's assertions regarding pandemic-related travel issues and her own illness(es) as true, I find that nothing in the record suggests the Covid-19 pandemic or the appellant's illnesses actually affected her ability to check her P.O. box with regularity or visit the post office in general when the need arose.").

Given the deferential standard of review we must apply, we conclude that the Board's determination that Ms. Edwards failed to meet her burden to show that circumstances beyond her control prevented her from filing a timely reconsideration request is supported by substantial evidence.

CONCLUSION

We have considered Ms. Edwards's remaining arguments and find them unpersuasive. We therefore *affirm*.

**AFFIRMED**

COSTS

No costs.