NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**RAINEY L. HOOD,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

———————————

2013-3126

———————————

Petition for review of the Merit Systems Protection Board in No. DA831E120227-I-1.

———————————

Decided: February 11, 2014

———————————

RAINEY L. HOOD, of Dallas, Texas, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

———————————

Before DYK, PROST, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Rainey L. Hood seeks review of a final order of the Merit Systems Protection Board ("Board") finding that he has not shown that he is entitled to a disability retirement annuity. *See Hood v. Office of Pers. Mgmt.*, No. DA831E120227-I-1 (M.S.P.B. June 15, 2012) ("*Initial Decision*"); *id.* (M.S.P.B. Apr. 18, 2013) ("*Final Order*"). Because the Board did not err in denying Mr. Hood's disability retirement application, we affirm.

## BACKGROUND

Mr. Hood was employed by the Department of Veterans Affairs ("VA") in Dallas, Texas, as an electronics mechanic. In August 2008, Mr. Hood's doctors discovered a lesion on his back. After undergoing a biopsy of the lesion, Mr. Hood began to experience back pain. His doctor advised him to avoid heavy lifting, stooping, bending, or twisting at the waist. One month later his doctor released Mr. Hood to return to his normal activities, with the exception of a twenty-five pound lifting restriction. Throughout the next seven months, Mr. Hood continued to see doctors, complaining about back pain.

On August 10, 2009, Mr. Hood was admitted into an in-patient rehabilitation program due to an alcohol addiction. In January 2010, Mr. Hood's doctors discovered a third degree complete AV block in his heart and implanted a pacemaker. When he was discharged, Mr. Hood was encouraged to exercise to improve his heart muscle. Although the record indicates that Mr. Hood continued to complain about his inability to perform his job duties due to back pain and shortness of breath, none of his doctors placed further restrictions on his job duties before he applied for disability retirement in July 2010.

In response to Mr. Hood's application, Rebecca K. Anderson, Mr. Hood's supervisor, submitted a statement saying that Mr. Hood had stopped coming to work and

was on administrative absence pending the determination of a disciplinary action. She described his conduct as unsatisfactory, and Mr. Hood admitted that he abused alcohol and reported to work under the influence. Mr. Hood was removed from his position on August 3, 2010 due to this misconduct.

The record also contains a statement, dated April 11, 2012, from Dr. Muhammad A. Sattar, who examined Mr. Hood and concluded that Mr. Hood is "disabled and unable to continue with his job duties according to this job description." *Initial Decision* at 7.

The Office of Personnel Management ("OPM") initially denied Mr. Hood's disability retirement application. After reviewing the case, a Merit Systems Protection Board administrative judge found that Mr. Hood failed to establish by the preponderance of the evidence that he is unable, because of disease or injury, to render useful and efficient service in his position. *Id.* at 10. The administrative judge noted that although there is no dispute that Mr. Hood suffers from several medical conditions, the record contains evidence that Mr. Hood can walk for extended periods of time, climb several flights of stairs and has been encouraged by his doctors to be active. *Id.* at 9. Although the administrative judge considered Dr. Sattar's statement, he noted that Dr. Sattar failed to cite any laboratory or medical test results supporting his restrictions and "merely reiterated what the appellant had said to him." *Id.*

Mr. Hood next appealed to the Board, which denied his petition for review and adopted the administrative judge's decision as its final decision. *Final Order* at 2. Mr. Hood argued to the Board that under *Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993), his removal created a presumption that he met the disability retirement criteria. But the Board found that the *Bruner* presumption applies only when the removal

was for physical inability to perform. *See Bruner*, 996 F.2d at 294; *Final Order* at 3. And Mr. Hood's removal was for misconduct unrelated to his medical condition. *See Final Order* at 3. The Board also agreed with the administrative judge's assessment of Dr. Sattar's letter along with its consideration of all the other evidence on the record. *Id.* at 5. Mr. Hood has appealed the Board's final order.

## DISCUSSION

We must affirm a Board decision unless the decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see also Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1537 (Fed. Cir. 1984). We also are precluded from reviewing the factual underpinnings of the Board's disability determination. *Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 625 (Fed. Cir. 1995) ("[W]e must reject challenges to the Board's factual determinations on physical disability.").

A federal employee is eligible for retirement disability under the Civil Service Retirement System if: (1) the employee has been in civilian service for more than five years; (2) OPM determines that the employee is disabled; and (3) the employee applies for disability retirement before being separated from service or within one year thereafter. 5 U.S.C. § 8337(a)-(b).

The only disputed issue in this case involves second prong, i.e., whether Mr. Hood is disabled. To be considered disabled, the employee must establish that he is unable, because of disease or injury, "to render useful and efficient service in the employee's position and is not qualified for reassignment . . . to a vacant position . . . at the same grade or level." 5 U.S.C. § 8337(a).

On appeal, Mr. Hood challenges several of the Board's factual findings. Pet'r's Br. Attach. 1-5. However, we may not review the Board's factual findings in disability retirement cases. *See, e.g., Lindahl v. Office of Pers. Mgmt.,* 470 U.S. 768, 791 (1985) (citing *Scroggins v. United States*, 397 F.2d 295, 297 (Ct. Cl. 1968)) *(*"[T]he factual underpinnings of § 8347 disability determinations may not be judicially reviewed, [but] such review is available to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'"); *Davis v. Office of Pers. Mgmt.,* 470 F.3d 1059, 1060-61 (Fed. Cir. 2006) (rejecting the claimant's theory "that the Board improperly failed to consider the totality of the evidence, thus constituting . . . a misconstruction of the governing legislation" as a factual challenge beyond our jurisdiction). Therefore, we lack jurisdiction to consider Mr. Hood's challenges to the Board's evaluation of the evidence.

Mr. Hood also contends that the Board erred in concluding that the *Bruner* presumption does not apply. *See* Pet'r's Br. Attach. 1-2; *Final Order* at 3. In *Bruner*, we held that "the government's action in separating an employee for disablement produces a presumption of disability that serves to shift to the government the burden of production[,]" so the government must then "come forward with enough evidence that a reasonable fact finder could conclude that the applicant did not qualify under 5 C.F.R. § 831.502(b)." 996 F.2d at 294. However, evidence on the record here indicates that Mr. Hood was removed from his position due to his misconduct, not his disability. Under these circumstances, the *Bruner* presumption does not apply. *See, e.g., Sangillo v. Office of Pers. Mgmt.*, No. 99-3414, 2000 WL 1845778, at *2 (Fed. Cir. Dec. 15, 2000) (stating that because the claimant was terminated for failure to perform his duties,

not based on a disability, it was still the claimant's burden to show that he is disabled); *Delceg v. Office of Pers. Mgmt.*, 100 M.S.P.R. 467, 470-71 (2005) ("The record is clear that the [claimant]'s removal was based on his misconduct, a verbal altercation with a Postal customer, and not on any alleged physical inability to perform his duties. Thus, the administrative judge did not err in finding that the [claimant] was not entitled to the *Bruner* presumption.").

In addition, Mr. Hood argues that the Board improperly failed to consider evidence submitted following the administrative judge's Initial Decision showing that he received assistance in the performance of his employment duties from 2008 to 2010. Pet'r's Br. Attach. 2-3. The Board explained that it did not consider this evidence because Mr. Hood failed to show that such information was previously unavailable despite his due diligence. *Final Order* at 4. We agree with the Board, as even on appeal Mr. Hood has not stated why this *information* was not previously available and instead merely explained why the *letter* was difficult to obtain. *See Brenneman v. Office of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006) (citing *Comer v. Dep't of Veterans Affairs,* 78 M.S.P.R. 633, 636 (1998) *aff'd sub nom. Comer v. Merit Sys. Prot. Bd.,* 178 F.3d 1313 (Fed. Cir. 1999)) ("When documentary materials are asserted to be new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.").

We have considered Mr. Hood's remaining arguments and conclude that they similarly lack merit. Thus, we hold that the Board did not err in finding that Mr. Hood failed to show he was entitled to disability retirement benefits. For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**

Costs

Each party shall bear its own costs.