NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3301

JANNIE S. DAVIS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 8, 2006

_____

Before MAYER and PROST, <u>Circuit Judges</u>, and WHYTE, <u>District Judge</u>.[*]

PER CURIAM.

Jannie S. Davis petitions for review of the final order of the Merit Systems Protection Board ("Board") sustaining the decision of the Office of Personnel Management's ("OPM") denial of Ms. Davis's request for disability retirement.  We <u>affirm</u>.

## BACKGROUND

Ms. Davis was employed as a Food Inspector with the Department of Agriculture.  On April 1, 2004, she applied to OPM for disability retirement.  She stated in her

---

[*]  Honorable Ronald M. Whyte, District Judge, United States District Court for the Northern District of California, sitting by designation.

application that she had been diagnosed with "Multiple Chemical Sensitivity." Specifically, she alleged that her exposure to the sanitizing chemicals used in her workplace had led to recurring respiratory problems. OPM denied her application on September 3, 2004. She requested reconsideration and OPM affirmed its initial denial of her application on December 29, 2004. OPM's decision letter informed her of her appeal rights.

Ms. Davis filed an appeal with the Board. In his initial decision, the administrative judge affirmed OPM's denial of her application. Davis v. Office of Pers. Mgmt., No. AT844E050322-I-1 (M.S.P.B. May 27, 2005). The administrative judge found that Ms. Davis "failed to show by preponderant evidence that her medical conditions are disabling or that they render her unable to perform the duties of her position." Id., slip op. at 6. Ms. Davis petitioned for full board review of the administrative judge's decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board. Davis v. Office of Pers. Mgmt., No. AT844E050322-I-1, slip op. at 2 (M.S.P.B. May 8, 2006). One member of the full board dissented. Ms. Davis timely petitioned this court for review of the Board's final decision.

DISCUSSION

This court has jurisdiction to review a final decision of the Board under 28 U.S.C. § 1295(a)(9). Our review of a Board decision that affirms OPM's denial of a disability retirement application is extremely limited. We cannot review the factual underpinnings of a disability determination. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985); see also Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995). Thus, we cannot revisit the facts of this case to determine whether the Board's decision was

correct. Our review is limited to determining "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Lindahl, 470 U.S. at 791. We see no such error here.

The majority of Ms. Davis's arguments relate to whether the Board properly assessed the evidence and determined that she was not disabled. Her theory is that the Board improperly failed to consider the totality of the evidence, thus constituting an error that she characterizes as "a substantial departure from important procedural rights" and "a misconstruction of the governing legislation going to the heart of the administrative process." But her arguments are, in reality, challenges to the factual underpinnings of the Board's determination. Under Lindahl, we cannot entertain these arguments. See Smith v. Office of Pers. Mgmt., 784 F.2d 397, 400 ("The sufficiency of the evidentiary support for the Board's decision ordinarily would not be viewed as a question of procedural rights or construction of legislation, or analogous or comparable to those questions.").

Ms. Davis also asserts that the administrative judge applied the wrong law when he cited to the Board's decision in Fisher v. Office of Pers. Mgmt., 85 M.S.P.R. 30, 33-35 (M.S.P.B. 1999). She argues that the facts in Fisher are distinguishable from the facts in her case. But the administrative judge cited Fisher merely for the proposition that Ms. Davis had the burden to prove her entitlement to disability retirement by a preponderance of the evidence. Thus, we see no error in the administrative judge's citation of Fisher.

Finally, Ms. Davis makes a number of arguments related to certain of the administrative judge's evidentiary rulings. She asserts that the administrative judge erred in declining to admit three of her exhibits into evidence for lack of relevance. She also asserts that the administrative judge erred in allowing OPM to question her about whether the Department of Agriculture attempted to accommodate her medical condition. Evidentiary rulings, however, are matters within the administrative judge's discretion. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). We see no abuse of discretion in this case, nor do we see any procedural error of the kind described in Lindahl.

For the foregoing reasons, we affirm the decision of the Board.

No costs.