NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3106

SCOTT WINTERS,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Scott Winters, of Paoli, Indiana, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3106

SCOTT WINTERS,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  July 11, 2007

_____

Before LINN, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Scott Winters appeals a December 7, 2006 decision by the Merit Systems Protection Board ("MSPB" or "Board") sustaining his removal from federal service by the Department of the Navy ("Navy").  <u>Winters v. Dep't of the Navy</u>, No. CH0752060237-I-1 (M.S.P.B. Dec. 7, 2006).  Because the Board's decision sustaining Mr. Winter's removal was in accordance with law and was not arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence, we <u>affirm</u>.

## I. BACKGROUND

Mr. Winters was employed by the Navy as a GS-11 Electronics Specialist at the Naval Surface Warfare Center ("NSWC") in Crane, Indiana. On August 29, 2005, in response to a Freedom of Information Act ("FOIA") request, the Navy copied the hard drive of Mr. Winters's NSWC computer. Upon examining the contents of the hard drive, the agency's computer specialists noticed an "unusual" document and alerted their supervisor. Technicians then performed a more thorough analysis of Mr. Winters's computer usage and discovered that Mr. Winters had created and maintained a website containing over 250 pages of material using his NSWC computer. Documents on the website identified Mr. Winters as a NSWC employee, detailed various duties he performed, and demonstrated his general discontent with his job.

Determining this to be a violation of the Internet policy at NSWC, which instructs users to "refrain from usage which reflects adversely on the Department of the Navy," and "limit personal communications and Internet searches to personal time," Mr. Winters's supervisor removed him for (1) using poor judgment, (2) wasting an excessive amount of government time, (3) misusing government equipment, and (4) making an indirect physical threat to a supervisor (based on a statement made on his website). The MSPB sustained Mr. Winters's removal. Mr. Winters appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Our review of the Board's decision is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. The petitioner bears the burden of establishing error in the Board's decision. See, e.g., Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Mr. Winters contends that the evidence against him was obtained in violation of FOIA and the NSWC's contract with its computer contractor. However, the contract between the NSWC and its computer contractor is not in the record for us to evaluate its supposed violation. Moreover, even if the contract were in evidence, its violation would likely have no bearing on the agency's removal of Mr. Winters since Mr. Winters was not a party to the contract. Similarly, the FOIA standards cited by Mr. Winters are discretionary, and are in place to protect the agency from having to take unreasonable measures to respond to a request. They do not protect agency employees from the agency gathering information in response to a FOIA request.

Mr. Winters also contends that various evidence presented against him was not based on first-hand knowledge and that certain statements made by the agency's declarants were inadmissible because those statements concerned technical information that could be opined upon only by an expert witness. However, the NSWC employees that submitted witness statements did, in fact, have personal knowledge regarding Mr. Winter's attendance at computer training sessions, the content of those sessions, the voluminous amount of non-work-related material discovered on Mr. Winters's computer, and the log file compiled by the agency's technical staff (who also submitted witness statements) indicating that Mr. Winters accessed his website "at all hours of the day on many occasions." Similarly, the matters upon which these

employees offered testimony did not require any sort of specialized knowledge. Accordingly, the individuals were free to provide testimony on those subjects.

Mr. Winters also claims the Board erred when it allowed the agency to submit an excerpt from his deposition that was not "self-authenticating" or accompanied by a sworn statement and denied Mr. Winters's motion to compel the agency to submit the entire deposition to the Board. Mr. Winters also argues that the full Board erred when it declined to grant his petition for review based upon the complete transcripts. These evidentiary rulings, however, fall within an administrative judge's discretion. <u>Davis v. Office of Pers. Mgmt.</u>, 470 F.3d 1059, 1061 (Fed. Cir. 2006). This court does not overturn the Board on such matters "unless an abuse of discretion is clear and is harmful." <u>Curtin v. Office of Pers. Mgmt.</u>, 846 F.2d 1373, 1378 (Fed. Cir. 1988). Here, Mr. Winters failed to demonstrate how the Board abused its discretion.

Mr. Winters also claims the Board erred by "allowing into the record for consideration issues regarding the security clearance of the appellant over which the MSPB has no jurisdictional authority." However, the Board's opinion merely notes that Mr. Winters had a security clearance and should have known that his conduct was inappropriate. The fact that the Board lacks jurisdictional authority over security clearances does not render this observation inappropriate nor does it render the evidence of his security clearance inadmissible.

Mr. Winters also asserts that he was not on notice for "adherence and accountability under the agency's computer and internet usage policies until after July 26, 2005 when he signed and accepted responsibility for his conduct in compliance with the agency's Intranet Users Agreement." However, the record contains substantial

evidence demonstrating that Mr. Winters knew of the agency's computer policy, including an email reminder regarding the policy that was sent to Mr. Winters and evidence of his attendance at four computer training sessions where the agency's computer policy was presented.

Lastly, Mr. Winters contends that the Board erred in concluding that his potential for rehabilitation was questionable. However, Mr. Winters's conduct was serious and prolonged, and the material posted on his website demonstrated a deep-seated antipathy toward his colleagues and supervisors. Although Mr. Winters apologized for the trouble he had caused, the record contains no evidence that Mr. Winters "fully acknowledged his wrongdoing" or the "gravity of his misconduct." Accordingly, the Board's conclusion that his potential for rehabilitation was "questionable" was supported by substantial evidence.

## III. CONCLUSION

Because the Board's decision was not arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence, we affirm.

## COSTS

No costs.