NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3107


WANDA N.D. THOMEAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Wanda N.D. Thomas, of Evans, Georgia, pro se.

Shari A. Rose, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.


Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3107

WANDA N.D. THOMAS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
AT831E080086-I-2.

_____

DECIDED:  February 4, 2010

_____

Before DYK, SCHALL, and PROST, Circuit Judges.

PER CURIAM.

Wanda Thomas ("Thomas") appeals from a final decision of the Merit Systems Protection Board ("MSPB" or "Board").  The Board affirmed the Office of Personnel Management's ("OPM's") denial of disability retirement benefits under the Federal Employees Retirement System ("FERS"), 5 U.S.C. § 8451.  See Thomas v. Office of Pers. Mgmt., No. AT-831E-08-0086-I-2 (M.S.P.B. Dec. 2, 2008) ("Thomas II").  We affirm.

BACKGROUND

Thomas began working for the Department of the Army ("Army") on October 24, 2002. Effective October 2, 2005, Thomas was demoted from the position of Supervisory Management Analyst, General Schedule 12 ("GS-12"), to Management Analyst, GS-9, due to her alleged failure to successfully complete a one-year supervisory probationary period for the GS-12 position. She never reported for duty in the GS-9 position. Effective July 21, 2006, the Army removed her from civilian service for misconduct, namely, her failure to meet attendance requirements for the GS-9 position.

Thomas filed for disability retirement benefits in January of 2007. On April 25, 2007, OPM wrote Thomas a letter, requesting that she provide additional medical information to establish that her service deficiencies were the result of a disabling medical condition. Thomas failed to provide the requested information, and OPM denied benefits on July 5, 2007. After Thomas requested reconsideration, OPM affirmed its earlier decision on October 4, 2007, again noting Thomas' failure to supply the requested additional medical documentation. Thomas then appealed to the Board. In an initial decision dated July 31, 2008, an Administrative Judge ("AJ") affirmed OPM's decision, concluding that Thomas had not introduced sufficient evidence to establish her entitlement to disability retirement benefits under FERS. Thomas v. Office of Pers. Mgmt., No. AT-831E-08-0086-I-2 (M.S.P.B. July 31, 2008) ("Thomas I"). On December 2, 2008, the Board denied Thomas' petition for review, and the initial decision became the final decision of the Board. Thomas timely petitioned for review in this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

The scope of our review in an appeal from a Board decision arising out of an OPM disability determination is very narrow. See Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 791 (1985). We must affirm the Board's decision unless "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" Id. (citations omitted).

Pursuant to 5 U.S.C. § 8451(a)(1)(B), an employee is only entitled to FERS disability if she was unable "to render useful and efficient service in the employee's position" prior to her removal from federal service due to a disease or injury. Thomas had the burden to prove by a preponderance of the evidence that she "had a medical condition that was incompatible with either useful and efficient service or retention in [her] position." Thomas I, slip. op. at 6 (citing Gometz v. Office of Pers. Mgmt., 69 M.S.P.R. 115, 121 (1995); 5 C.F.R. § 844.103(a)(2)); see also 5 C.F.R. § 1201.56(a)(2); § 844.103(a). The Board observed that Thomas claimed she was debilitated to the point of being unable to perform useful and efficient service in the GS-9 position due to "Diabetes; Depression; Agoraphobia; Hypertension; High Cholesterol; Morbid Obesity; Cholecystectomy; Angina; Asthma; Back Pain; Fibromyalgia; Nerve Loss; Right and Left Knee Pain; Migraines; Hysterectomy; Enlarged Thyroids; Blindness In Left Eye; Amblyopia; Hearing Loss; Shingles; and [Incontinence]." Thomas I, slip. op. at 2. After considering the objective and subjective evidence of Thomas' disability, as well as the position description for the GS-9 position, the Board found "that the totality of the evidence is insufficient to establish whether the appellant is unable to perform useful

and efficient service in the position." Id. at 7. The Board further noted that Thomas had not applied for disability retirement until after she had been removed for misconduct, which detracted from the force of her application. Id. at 8.

Thomas contends that the Board erred by failing to consider her mental, physical, and personal problems and by excluding certain evidence. The Board explicitly did consider Thomas' mental and physical problems. See id. at 7-11. The excluded evidence did not relate to her medical condition. To the extent that Thomas disagrees with the weight the MSPB gave to the evidence, reviewing the weight of the evidence or the factual underpinnings of the MSPB's decision is beyond our limited jurisdiction. Lindahl, 470 U.S. at 791; Davis v. Office of Pers. Mgmt., 470 F.3d 1059, 1060-61 (Fed. Cir. 2006); Licausi v. Office of Pers. Mgmt., 350 F.3d 1359, 1361 (Fed. Cir. 2003).

Thomas also suggests, in her reply brief, that the Board failed to consider that she has received disability determinations from the Social Security Administration ("SSA") and the Department of Labor. While the Board did not explicitly discuss this evidence in its decision, we must presume that the Board reviewed it. See Gonzales v. West, 218 F.3d 1378, 1381 (Fed. Cir. 2000) ("[A]bsent specific evidence indicating otherwise, all evidence contained in the record at the time of the . . . determination . . . must be presumed to have been reviewed by the [fact finder], and no further proof of such review is needed."); see also Lowder v. Dep't of Homeland Sec., 504 F.3d 1378, 1383 (Fed. Cir. 2007) (holding that a fact finder's failure to discuss particular evidence does not mean that it did not consider that evidence). Thus, this argument goes to the weight of the evidence considered by the Board and is a matter beyond our limited

jurisdiction.  <u>Lindahl</u>, 470 U.S. at 791.[1]  Under the <u>Lindahl</u> standard, there is no ground for setting aside the Board's decision.

COSTS

No costs.

---

[1]  Even if we could review the weight of the SSA evidence, the SSA "found that . . . THOMAS became disabled under our rules on January 26, 2007."  Resp't's App. 121.  Because Thomas was removed from the GS-9 position six months before the date the SSA determined her disability began, this evidence undermines Thomas' argument that she became disabled while employed in a FERS position.