NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN C. ALSTON, JR.,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3063

---

Petition for review of the Merit Systems Protection Board in No. SF844E120620-I-1

---

Decided: June 11, 2013

---

NORMAN C. ALSTON, JR., of Fresno, California, pro se.

CARRIE DUNSMORE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before PROST, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

Norman Alston, Jr. appeals from the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") denying his application for disability retirement. For the reasons discussed below, we affirm.

## I. BACKGROUND

In September 2010, Mr. Alston applied to OPM for disability retirement under the Federal Employees' Retirement System ("FERS"). He claimed that he was disabled by "stress and panic disorder" that prevented him from performing the duties of his job with the federal government. Resp't App. 38. At the time of his application, Mr. Alston was a Revenue Officer for the Internal Revenue Service and responsible for "collecting delinquent tax and securing delinquent returns from taxpayers." *Id.* at 21.

Along with his application, Mr. Alston submitted several reports from a licensed clinical psychologist, Dr. King, to substantiate his disability. In those reports, Dr. King stated that Mr. Alston suffered from "Panic Disorder," was unable to "return to his position as a 'Revenue Officer,'" should be "reassigned to an alternative position" with less stress, and experienced a reduction in symptoms after taking time off of work. *Id.* at 23–24.

In April 2011, OPM rejected Mr. Alston's application for disability retirement. It determined that he had failed to provide "objective medical evidence that a disabling condition exist[ed]" and had failed to respond to its "letter requesting additional objective evidence." *Id.* at 39. In its view, the reports from Dr. King did not establish that Mr. Alston's condition warranted restrictions from performing the specific "critical or essential duties of [his] position or restriction from the workplace altogether." *Id.* In its

decision, OPM indicated that Mr. Alston could submit additional medical documentation to support his claim.

Mr. Alston subsequently petitioned OPM for reconsideration, but it denied his request in May 2012. It noted that Mr. Alston had not submitted additional medical documentation to support his claim and determined that the exiting reports from Dr. King did not provide the necessary "detailed and objective medical" evidence to "support his conclusions" regarding the effect and extent of Mr. Alston's disability. *Id.* at 34.

Mr. Alston appealed OPM's decision to the Board, which affirmed in November 2012. The administrative judge for the Board explained that, in order to qualify for disability retirement, Mr. Alston had to show that he was "unable, because of disease or injury, to render useful and efficient service in [his] position." *Id.* at 19. After a detailed review of the record evidence, including Dr. King's reports, the administrative judge agreed with OPM that Mr. Alston had failed to make such a showing by a preponderance of the evidence. The administrative judge determined that Mr. Alston did not adequately establish how his condition rendered him unable to "perform [his] specific work assignments or to be regular in attendance." *Id.* at 28. That finding was based on the administrative judge's conclusion that "[n]either [Mr. Alston] nor Dr. King addressed in any specific way how [Mr. Alston]'s condition affected his ability to perform the duties of a Revenue Officer." *Id.* at 27. The administrative judge also noted that Dr. King failed to "address the degree to which [Mr. Alston]'s condition can or cannot be controlled, through medication or other treatment." *Id.*

The administrative judge's decision became final in December 2012. In February 2013, Mr. Alston filed a timely appeal with this court.

## II. ANALYSIS

We have jurisdiction over Mr. Alston's appeal under 28 U.S.C. § 1295(a)(9), but the scope of our review is limited. Generally, our review of a decision of the Board is quite narrow. We may set it aside only if: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Because Mr. Alston's appeal concerns the denial of his application for disability retirement under FERS, the scope of our review is further limited to critical errors of law. "[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) (reviewing a decision of the Board affirming OPM's denial of a request for disability retirement under FERS) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)). Accordingly, "we may only address the critical legal errors, if any, committed by the [Board] in reviewing OPM's decision." *Vanieken-Ryals v. Office of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007) (reviewing a decision of the Board affirming OPM's denial of disability retirement under the Civil Service Retirement System ("CSRS")); *see Anthony*, 58 F.3d at 626–27 (holding that the same standard of review applies to Board decisions concerning disability retirement under CSRS and FERS).

On appeal, Mr. Alston has not shown that the Board committed any critical legal error in denying his request

for disability retirement. Although he plainly indicated in his informal brief that "No," the Board did not "apply the wrong law," he stated as a ground for relief that "no one ever contacted the doctor during the case." Resp't App. 1. That could be construed as an assertion of critical legal error. *See Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 292 (Fed. Cir. 1993) (stating that a challenge to the burden of proof for establishing entitlement to disability retirement can concern an important procedural right that may have substantive consequences). However, even if construed that way, the argument is without merit. Mr. Alston, not the Board or OPM, bore the burden to contact his doctor and gather evidence to prove his eligibility for disability retirement. *See id.* (holding that applicants bear the burden to prove eligibility for disability retirement).

Mr. Alston's only other assertion of error is a challenge to the Board's weighing of the facts in this case, which we may not disturb on appeal. Specifically, he argues that the Board was "not truly considering what mental health does to a person." Resp't App. 2. Clearly, Mr. Alston believes that the Board improperly weighed the facts in his case. *See Davis v. Office of Pers. Mgmt.*, 470 F.3d 1059, 1060–61 (Fed. Cir. 2006) ("[Petitioner's] theory is that the Board improperly failed to consider the totality of the evidence . . . . [H]er arguments are, in reality, challenges to the factual underpinnings of the Board's determination."). But that dispute is outside the scope of our review. *Anthony*, 58 F.3d at 626 (holding that we are precluded from "reviewing the factual underpinnings of physical disability determinations").

Because Mr. Alston has not shown any legal error in the Board's decision and we may not review the factual

underpinnings of the denial of his application for disability retirement, we must affirm.[1]

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

[1]    Mr. Alston accompanied his initial notice of appeal to this court with a letter from Dr. King dated January 14, 2013.  That letter was never presented to the Board as evidence.  Indeed, it was written after the administrative judge's decision became final.  Therefore, the letter is not part of the record.  We note, however, that it addresses only factual matters outside our scope of review.