NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCIA MOCNY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-2534

---

Petition for review of the Merit Systems Protection Board in No. CH-831E-15-0295-I-1.

---

Decided: December 14, 2016

---

MARCIA MOCNY, Lisle, IL, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

---

Before NEWMAN, MAYER, and LOURIE, *Circuit Judges.*

PER CURIAM.

Marcia Mocny appeals a final decision of the Merit Systems Protection Board ("board") affirming a decision by the Office of Personnel Management ("OPM") to deny her application for a Civil Service Retirement System ("CSRS") disability retirement annuity. *See Mocny v. OPM*, 123 M.S.P.R. 446 (2016) ("*Board Decision*"). For the reasons discussed below, we dismiss for lack of jurisdiction.

## BACKGROUND

Mocny worked as a Sales, Service and Distribution Associate with the United States Postal Service ("Postal Service") in Westmont, Illinois. In February 2014, she applied for disability retirement benefits, asserting that she suffered from a variety of conditions, including kidney disease, thyroid disease, gout, insomnia, depression, and plantar fasciitis. On August 13, 2014, after reaching the age of fifty-five, Mocny retired from the federal service.

OPM denied Mocny's application for disability retirement benefits on October 20, 2014. OPM concluded that the evidence submitted with Mocny's application did "not establish medical conditions of the severity to prevent [her] from performing critical and essential elements of [her] position, or warrant [her] exclusion from the workplace altogether." Mocny subsequently sought reconsideration, but on February 12, 2015, OPM again denied her application for disability retirement benefits.

Mocny then appealed to the board. On July 23, 2015, an administrative judge issued an initial decision affirming OPM's decision to deny Mocny's application for a disability retirement annuity. The administrative judge explained that to qualify for a CSRS disability retirement annuity, Mocny was required to establish, by a preponderance of the evidence, that: (1) because of a disease or injury she was unable "to render useful and efficient

service in her position as a Sales, Service and Distribution Associate"; and (2) she was "not qualified for reassignment to a vacant position with [the Postal Service] at the same grade or level in which she would be able to render such service." *See* 5 U.S.C. § 8337(a). The administrative judge acknowledged that Mocny's medical records demonstrated that she suffered from a number of "serious medical conditions." The judge concluded, however, that Mocny had failed to establish that those medical conditions were "incompatible with useful and efficient service or retention in the position of Sales, Service and Distribution Associate for the United States Postal Service." Specifically, the administrative judge determined that Mocny failed to identify the physical requirements of her position or explain how her medical conditions impaired her ability to perform her duties.

Mocny subsequently petitioned for review of the administrative judge's decision. In June 2016, the board, in a split-vote order, adopted the administrative judge's initial decision as the final decision of the board. *Board Decision*, 123 M.S.P.R. at 446; *see* 5 C.F.R. § 1200.3. Mocny then filed a timely appeal to this court.

## DISCUSSION

Our review of a decision of the board is circumscribed by statute. We can set such a decision aside only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Marino v. OPM*, 243 F.3d 1375, 1377 (Fed. Cir. 2001). This court's authority to review a disability retirement determination is even more limited. *See Lindahl v. OPM*, 470 U.S. 768, 791 (1985); *Reilly v. OPM*, 571 F.3d 1372, 1376 (Fed. Cir. 2009). The Civil Service Retirement Act specifically provides that:

> [OPM] shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section . . . *the decisions of [OPM] concerning these matters are final and conclusive and are not subject to review.*

5 U.S.C. § 8347(c) (emphasis added).

This provision imposes significant restrictions on judicial review. *See Lindahl*, 470 U.S. at 780–91. It prohibits this court from reviewing the "factual underpinnings" of a decision to deny an application for a disability retirement annuity. *Id.* at 791. Instead, we are vested with authority only "to determine whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* (citations and internal quotation marks omitted); *see also Vanieken–Ryals v. OPM*, 508 F.3d 1034, 1038 (Fed. Cir. 2007) (explaining that this court "may only address the critical legal errors, if any, committed by the [board] in reviewing OPM's decision").

On appeal, Mocny asserts that the board should have "taken [into] account" letters from three doctors which, she alleges, demonstrate that she was "disable[d] to work." The record shows, however, that Mocny was represented by counsel when she appeared before the board, and that the administrative judge considered and evaluated the relevant evidence she presented. The administrative judge determined, however, that while the evidence of record showed that Mocny "suffer[ed] from a multitude of medical conditions," it was insufficient to demonstrate that those "conditions, individually or in combination, [were] incompatible with rendering useful and efficient service in her" position as a Sales, Service and Distribution Associate. In other words, the administrative judge concluded that the evidence presented did

not establish that Mocny's physical limitations prevented her from performing the essential duties of her position. We are without authority to revisit the board's factual determinations on physical disability issues or to reweigh the medical evidence it evaluated. *See Reilly*, 571 F.3d at 1379 (explaining that this court lacks jurisdiction to review whether the board properly evaluated "particular items of evidence"); *Vanieken–Ryals*, 508 F.3d at 1040 ("Giving little weight to specific evidence because of its individual failings, such as the lack of qualifications of the author of a particular medical report, is a factual analysis over which we have no jurisdiction to review."); *Davis v. OPM*, 470 F.3d 1059, 1060 (Fed. Cir. 2006) ("Our review of a Board decision that affirms OPM's denial of a disability retirement application is extremely limited. We cannot review the factual underpinnings of a disability determination.").

Mocny identifies no "critical legal error[]," *Vanieken–Ryals*, 508 F.3d at 1038, committed by the board in reviewing OPM's determination to deny her application for a disability retirement annuity. *See Bracey v. OPM*, 236 F.3d 1356, 1363 (Fed. Cir. 2001) (explaining that this court can review whether the statutes and regulations related to disability retirement benefits have been properly construed). Nor does she point to any "substantial departure from important procedural rights," *Lindahl*, 470 U.S. at 791 (citations and internal quotation marks omitted), in the board's proceedings. Because Mocny challenges only the factual underpinnings of the decision to deny her application for a CSRS disability retirement annuity, we are barred, under 5 U.S.C. § 8347(c), from entertaining her appeal.

### CONCLUSION

Accordingly, Mocny's appeal of the final decision of the Merit Systems Protection Board is dismissed for lack of jurisdiction.

CARGO

No costs.

**DISMISSED**