NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY LAMB,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-2161

---

Petition for review of the Merit Systems Protection Board in No. SF-844E-15-0348-I-1.

---

Decided: March 7, 2017

---

RONALD PAUL ACKERMAN, Law Offices of Ronald P. Ackerman, Culver City, CA, for petitioner.

TARA K. HOGAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; PAUL ST. HILLAIRE, Office of Personnel Management, Washington, DC.

---

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

PER CURIAM.

Timothy Lamb ("Lamb") appeals the final order of the Merit Systems Protection Board ("the Board") affirming the Office of Personnel Management's ("OPM") decision denying his application for disability retirement under the Federal Employees' Retirement System ("FERS"). *Lamb v. Office of Pers. Mgmt.*, 123 M.S.P.R. 401 (2016). Because the Board's decision contains no legal error and because we lack jurisdiction to review OPM's factual findings relating to disability, we *affirm*.

## BACKGROUND

Lamb served as a Special Agent ("SA") for the Federal Bureau of Investigation ("FBI") in Portland, Oregon, for several years. *Lamb v. Office of Pers. Mgmt.*, No. SF-844E-15-0348-I-1, 2015 WL 5184688, at *2 (M.S.P.B. Sept. 3, 2015) ("*Initial Decision*"). The FBI proposed to remove Lamb from his SA position in February 2013 for unprofessional off-duty conduct and lack of candor.[1] *Id.* at *2–3. After an investigation, the FBI removed Lamb from his position on August 23, 2013. *Id.* at *4.

---

[1] The unprofessional off-duty conduct and lack of candor charges against Lamb stemmed from a series of incidents in which Lamb visited his former spouse's residence to pick up his children, after local police had instructed Lamb that he would be arrested for trespass should he visit that residence. Lamb was arrested for trespass. Although not addressed in the notice of proposed removal, Lamb also admitted to utilizing the services of prostitutes during overseas vacations, a violation of the FBI code of conduct. *Initial Decision*, 2015 WL 5184688, at *2–4.

Lamb sought psychological counseling in April 2013 after he learned that the FBI had proposed dismissing him. *Id.* at *3. At about this same time, Lamb's internist recommended that Lamb not return to duty because he exhibited symptoms of anxiety, depression, and a sleep disorder. *Id.* at *4. Lamb continued to receive mental health counseling for almost two years thereafter, during which time his conditions worsened. *Id.* at *3. Lamb also underwent a fitness for duty examination in April 2013, after which the physician responsible for conducting Lamb's fitness for duty examination concluded he was physically fit for duty. *Id.* at *4. The physician noted in the examination report that Lamb had a mild hearing deficit at higher frequencies in his left ear, but concluded that this hearing deficit did not affect Lamb's ability to perform SA duties. *Id.*

In June 2014, Lamb filed an SF-3107 Application for Immediate Retirement under FERS. *Id.* Lamb's Statement of Disability declared that he suffered from depression, anxiety, panic disorder, sleep disorders, tinnitus, and hearing loss. These conditions, according to Lamb, prevented him from performing SA duties. J.A. 56.

OPM denied Lamb's application for FERS disability retirement in September 2014. *Initial Decision*, 2015 WL 5184688, at *5. OPM concluded that Lamb failed to establish that he had a medical condition severe enough to be disabling while employed in a FERS position. Lamb requested reconsideration of OPM's initial decision and submitted supplemental medical documentation along with other relevant documents in support of his request. Included in these supplemental filings were medical statements indicating that Lamb had sought and received counseling services relating to his divorce between April 2010 and May 2013. *Id.* at *3. Lamb explained that he did not disclose that counseling or any symptoms of depression relating to his job because he feared doing so might impact his job. *Id.* at *4. OPM sustained its initial

decision and concluded that Lamb's supplemental medical documentation did not adequately demonstrate that Lamb had a disabling medical condition before he was removed from federal service.

Lamb appealed this decision to the Board. After a telephonic hearing and further supplementation of the record, the administrative judge ("AJ") determined that Lamb had not established, by a preponderance of the evidence, that he was disabled because of a medical condition resulting in a deficiency in his performance, conduct, or attendance as an SA. *Id.* at *6–7. The AJ noted that Lamb's counselor, psychologist, and physician all had concluded Lamb was medically unable to perform his duties due to the conditions Lamb alleged were disabling. *Id* at *6. But the AJ found that the medical evidence on the record indicated Lamb was able to control his depression, anxiety, and sleeping issues such that he was rendering useful and efficient service in his SA position prior to his removal. *Id.* In other words, the AJ found that any disabling symptoms were prompted by the removal and circumstances relating thereto, and did not predate it. The AJ also found that Lamb's audiological testing results indicated that Lamb only had mild to moderate hearing loss in one ear that should not have limited or disqualified Lamb from rendering useful and efficient service in his SA position. *Id.* The AJ noted that, in a June 2013 statement, Lamb indicated he was prepared to return to his SA duties and requested a transfer to a different division. *Id.* The AJ further found that, at the time that the FBI issued the notice of proposed removal, Lamb was a productive SA, "performing at a satisfactory or higher level." *Id.* The AJ also did not find any indication that Lamb's job attendance was unacceptable, or that Lamb's workplace conduct was unsatisfactory. *Id.* at *7. On this point, the AJ noted that it was Lamb's off-duty conduct that prompted his removal, not any on the job performance failures. *Id.*

Lamb filed a petition for review of the AJ's initial decision. Because the two Board members assigned to the case could not agree on the disposition of Lamb's petition, the AJ's initial decision became a non-precedential final decision under 5 C.F.R. § 1200.3(b).[2] *Lamb v. Office of Pers. Mgmt.*, 123 M.S.P.R. 401 (2016). Lamb timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Fields v. Dep't of Justice*, 452 F.3d 1297, 1301 (Fed. Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support" the Board's conclusion. *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).

In an appeal from a denial of disability retirement benefits under FERS, our jurisdiction is further limited. Under 5 U.S.C. § 8461(d), we cannot review "the factual underpinnings of physical disability determinations, but may address whether there has been a substantial departure from important procedural rights, a misconstruction

---

[2]    5 C.F.R. § 1200.3(b) reads: "When due to a vacancy, recusal or other reasons, the Board members are unable to decide any case by majority vote, the decision, recommendation or order under review shall be deemed the final decision or order of the Board. The Chairman of the Board may direct the issuance of an order consistent with this paragraph."

of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 628 (Fed. Cir. 1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)); *see also Vanieken-Ryals v. Office of Pers. Mgmt.*, 508 F.3d 1034, 1038 (Fed. Cir. 2007) ("[W]e may only address the critical legal errors, if any, committed by the [Board] in reviewing OPM's decision.").

An applicant for FERS disability retirement must establish by a preponderance of the evidence that: (1) the applicant completed at least 18 months of creditable civilian service; (2) while employed in a FERS position, the applicant became disabled because of a medical condition, resulting in deficient performance, conduct, or attendance, or if there is no such deficiency, the condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least one year from the date of the application for disability retirement; (4) accommodation of the disabling medical condition in the position held is unreasonable; and (5) the applicant has not declined an offer of reassignment to a vacant position. *See* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a).

An applicant for disability retirement bears the burden of proving, by a preponderance of evidence, that he or she had a disability while employed in a position subject to FERS. 5 C.F.R. §§ 844.103(a)(2), 1201.56(b)(2)(ii). OPM determined here that Lamb failed to establish a disabling medical condition pursuant to FERS, based on specific factual findings regarding the onset and performance impact of any medical symptoms or conditions. After considering all relevant evidence on the record, including Lamb's supplemental materials, the Board affirmed OPM's factual determination. Although we may have reached a different conclusion in this case had we been the fact-finding body, we cannot review denials of disability for substantial evidence.

Lamb has further failed to establish any procedural, legal, or other fundamental error in the administrative proceeding. *See Lindahl*, 470 U.S. at 791; *Anthony*, 58 F.3d at 626. There is no indication that the AJ failed to examine the supplemental evidence Lamb submitted. In fact, the Board's initial decision references Lamb's supplementation of the record *after* OPM's reconsideration decision. *Initial Decision*, 2015 WL 5184688, at *5–6. Lamb's arguments as to evidentiary sufficiency and evidentiary weight address the factual findings in this case, not legal error. To the extent Lamb challenges the Board's evaluation of the totality of the evidence, we do not have jurisdiction to review these findings. *See Davis v. Office of Pers. Mgmt.*, 470 F.3d 1059, 1060–61 (Fed. Cir. 2006) (citation omitted) (explaining that arguments relating to whether the Board adequately considered the totality of the evidence "are, in reality, challenges to the factual underpinnings of the Board's determination" that we cannot review under *Lindahl*).

Lamb's reliance on *Marucci v. Office of Personnel Management*, 89 M.S.P.R. 442 (2001) is unpersuasive. In *Marucci*, the Board explained that "the cause of the condition is not relevant in determining whether an employee is eligible for disability retirement. Instead, the relevant inquiry focuses on whether the condition prevents the employee from performing the duties necessary for the job" and whether it did so while he was still employed in that position. *Id.* at 445. Here, the AJ focused the analysis of Lamb's claim on the progress of his condition as evidenced by the record, not on Lamb's misconduct: "While the appellant was removed for misconduct . . . there is nothing in the record showing that the appellant's attendance was unacceptable, nor that his conduct at the workplace was unsatisfactory." *Initial Decision*, 2015 WL 5184688, at *7. The AJ concluded that Lamb could perform his SA duties. *Id.* That factual finding is not subject to our review. *See Anthony*, 58 F.3d at 628.

We have considered Lamb's remaining arguments and conclude that they are without merit. For the foregoing reasons, we *affirm* the Board's decision.

**AFFIRMED**

Costs

No costs.