NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FELICIA CUNNINGHAM,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2025-1036

_____

Petition for review of the Merit Systems Protection Board in No. AT-844E-20-0572-I-1.

_____

Decided: July 15, 2025

_____

FELICIA CUNNINGHAM, Oxford, AL, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, YAAKOV ROTH.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and WANG, *District Judge*.[1]

PER CURIAM.

Felicia Cunningham seeks review of a final decision of the Merit Systems Protection Board, which affirmed the Office of Personnel Management's determination that she did not meet the legal requirements for disability retirement. For the following reasons, we affirm.

## BACKGROUND

### I

Ms. Cunningham worked for the Department of Veterans Affairs as a Veterans Service Representative (VSR) from June 2015 until June 2019, when she resigned. In 2019 prior to her resignation, Ms. Cunningham applied for disability retirement under the Federal Employees' Retirement System (FERS).

In Ms. Cunningham's statement of disability, which she filed shortly before her resignation, she identified "migraine headaches and anxiety" as her disabling conditions. SAppx22.[2] Ms. Cunningham explained that "[her daily] tension migraine headaches" resulted from "the demands of [her VSR] position" and "[t]he stress of the VSR position has aggravated [her] headaches and [she] cannot perform [her] duties any longer." *Id.* She also noted her "depr[e]ssive disorder [wa]s . . . aggravated by the demands of" her position. *Id.*

---

[1]   Honorable Nina Y. Wang, District Judge, United States District Court for the District of Colorado, sitting by designation.

[2]   "SAppx" refers to the Supplemental Appendix submitted by Respondent at ECF No. 25.

On December 9, 2019, the Office of Personnel Management (OPM) denied Ms. Cunningham's application, "finding that she did not meet the legal requirements for disability retirement." SAppx2. Ms. Cunningham sought reconsideration, and OPM issued a final decision affirming its initial decision. Ms. Cunningham appealed OPM's decision to the Merit Systems Protection Board.

## II

The administrative judge affirmed OPM's determination that Ms. Cunningham's documentation "was insufficient to establish entitlement to disability retirement." SAppx7–8. The administrative judge started his analysis by noting that Ms. Cunningham could establish eligibility for disability retirement by either "(1) . . . showing that the medical condition from which she suffers caused a deficiency in performance, attendance, or conduct; or (2) . . . showing that the medical condition is incompatible with useful and efficient service or retention in her position." SAppx3 (citing 5 C.F.R. § 831.1203(a)(2)).

First, addressing performance or conduct deficiencies, the administrative judge acknowledged Ms. Cunningham's manager indicated that her "performance and conduct were satisfactory" and that Ms. Cunningham "produced no persuasive evidence or argument to contradict her supervisor's conclusions." SAppx8. The administrative judge also explained that, although Ms. Cunningham's "medical conditions may . . . have impacted her performance and conduct (*e.g.*, her attendance) to some degree, there is simply no record evidence that [her performance and conduct] descended below a fully successful level." *Id.*

Second, addressing useful and efficient service, the administrative judge explained that Ms. Cunningham's medical documentation did not state "that she was . . . unable to perform useful and efficient service. Nor d[id] the medical documentation explain how any medical conditions affected her specific work requirements as a VSR." *Id.* The

administrative judge also considered Ms. Cunningham's hearing testimony, noting she "identified no specific work requirements that her condition prevented her from fulfilling" and that the subjective evidence that she was "unable to fulfill specific job requirements is unsupported by competent medical evidence to that effect." SAppx8–9. In sum, the administrative judge found that "none of [Ms. Cunningham's] medical documentation . . . indicates any sort of work restriction." SAppx9.

In evaluating the medical evidence, the administrative judge recognized "that the medical evidence reflects, at best, inconsistent use of prescribed medications by" Ms. Cunningham. *Id.* The administrative judge determined that Ms. Cunningham's treatment notes from 2017 and 2018 "show[ed] that [she] was quite late in beginning her Floricet prescription for migraines, and that she used it only occasionally thereafter," and her 2019 treatment notes "stated [Ms. Cunningham] had not yet started taking amitriptyline and Maxalt" and that she "dropped Topomax because it made her feel funny." *Id.* (internal quotation marks omitted). The administrative judge was "not persuaded [Ms. Cunningham] followed her doctors' directions closely enough to warrant an award of disability retirement benefits." SAppx10.

The administrative judge also considered that Ms. Cunningham "was granted Department of Veterans Affairs (DVA) disability benefits (70%) in August 2019" but explained that given the lack of "other record evidence meeting the applicable criteria[] . . . the DVA's decision to grant benefits to [Ms. Cunningham] is insufficient to establish that she is entitled to disability retirement under FERS." *Id.*

Finally, the administrative judge considered Ms. Cunningham's claims of "missed work due to her medical conditions" but explained "there is no evidence of record quantifying her absences" and "her supervisor did not

report an attendance problem." *Id.* The administrative judge concluded "whatever work absences the appellant may have experienced do not overcome the lack of record evidence concerning the effect of her medical condition on her specific job duties." *Id.* After analyzing the record and Ms. Cunningham's arguments, the administrative judge concluded Ms. Cunningham did not demonstrate "by preponderant evidence . . . [that] her medical condition(s) [were] incompatible with useful and efficient service or retention in her position." SAppx11.

Ms. Cunningham petitioned for review of the administrative judge's initial decision. In her petition she contended that "[d]ue process was ignored" because OPM filed the agency record two days late and "[OPM's] response should have been objected [to] by [the administrative judge]." SAppx41. She also indicated that she had "documents or evidence . . . important to [her] appeal that were not filed with the judge before the record closed," but she failed to attach the documents and evidence as instructed. *Id.* Ms. Cunningham also indicated that her "mental issues" were relevant and the administrative judge overlooked her primary doctor's medical opinion. *Id.*

## III

The Board denied Ms. Cunningham's petition and affirmed the initial decision. The administrative judge's initial decision thus became the Board's final decision pursuant to 5 C.F.R. § 1201.113(b).

The Board first addressed Ms. Cunningham's mental disabilities including depression and anxiety caused by migraine headaches. SAppx26. The Board "considered whether the record evidence would support a finding that [Ms. Cunningham] was disabled" because of her mental disabilities, but explained "the mere diagnosis of depression or an anxiety disorder [without more] is not informative enough to allow either OPM or the Board to

conclude . . . that an employee is disabled from useful and efficient service." *Id.*

The Board then turned to OPM's filing of the OPM file two days late and observed that, at the prehearing conference, "the administrative judge specifically noted that OPM's file was in evidence and provided [Ms. Cunningham] an opportunity to make corrections to the summary," but she did not "object to the inclusion of OPM's file in evidence, and it is too late for her to do so on review." SAppx27. The Board also explained that, "[i]f OPM's file was not accepted into the record, the record would contain almost no medical evidence regarding [Ms. Cunningham's] conditions," and "[b]ecause it is her burden to prove her entitlement to disability retirement benefits, the lack of such evidence could have harmed [her]." SAppx27 n.3. The Board concluded Ms. Cunningham failed to demonstrate "how the actions taken by the administrative judge adversely affected her substantive rights" despite the untimely filing. SAppx27.

Ms. Cunningham petitions for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

On appeal, Ms. Cunningham contends: (1) "OPM should not have been allowed to render evidence . . . after the deadline," Pet. Informal Br. 4; (2) she "should have been [given] an opportunity to upload new documents . . . [and] new medical evidence," Pet. Informal Br. 3; (3) "OPM took parts of [her] medical [evidence but] not all [of her] medical evidence," Pet. Informal Br. 4; (4) the Board erred in concluding "medical evidence of mental diagno[s]is wasn't enough to prove [a] medi[c]al condition," Pet. Informal Br. 3; and (5) we should grant her retirement disability because the Social Security Administration and DVA "determined [she] was not able to work due to [her] major

depressive disorder [and] chronic migra[ine]s," Pet. Informal Br. 4. We address each issue in turn.

Generally, our review of the Board's decisions is limited. We must affirm the Board's decision unless we conclude that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shapiro v. Social Sec. Admin.*, 800 F.3d 1332, 1336 (Fed. Cir. 2015) (citation omitted).

Our jurisdiction is further limited in the FERS disability retirement context, as we are "precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) (quoting *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (cleaned up) (further citation omitted)); *see also id.* (explaining that petitioner "simply assert[ed] that the Board wrongly weighed the evidence, a claim we may not address"); *Davis v. Off. of Pers. Mgmt.*, 470 F.3d 1059, 1060 (Fed. Cir. 2006) ("Our review of a Board decision that affirms OPM's denial of a disability retirement application is extremely limited. We cannot review the factual underpinnings of a disability determination.").

Regarding Ms. Cunningham's first and second arguments, that the Board erred by allowing OPM to submit evidence after the deadline and that she should have been afforded an opportunity to upload new documents and new medical evidence, "[p]rocedural matters relative to

discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). We "will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Id.*

Here, we cannot say the Board abused its discretion in accepting OPM's untimely filing by two days because Ms. Cunningham did not "object to the inclusion of OPM's file in evidence," SAppx27, and without the filing "the record would contain almost no medical evidence regarding [Ms. Cunningham's] conditions," SAppx27 n.3. In these circumstances, we cannot say there has been "a substantial departure from important procedural rights." *Anthony*, 58 F.3d at 625 (internal quotations and citation omitted).

Nor can we say that the Board erred in not admitting any possible evidence Ms. Cunningham would have offered because she neither provided the evidence nor explained why the evidence was not presented before the record closed. Although Ms. Cunningham's petition for review indicates she had additional documents to present, she did not "include an explanation of why the evidence or argument was not presented before the record below closed" as is required under 5 C.F.R. § 1201.114(b). Her only explanation of why she did not submit her documents or evidence earlier was "[p]lease consider [the] timeline of filed pleading by me and OPM and extension order." SAppx42. Given the absence of any explanation why she did not present the evidence earlier, as well as Ms. Cunningham's failure to provide the evidence to the Board with her petition for review, we cannot say the Board abused its discretion. *Brenneman v. Off. of Pers. Mgmt.*, 439 F.3d 1325, 1328 (Fed. Cir. 2006) ("In the absence of an explanation for the delay in obtaining the evidence in question, the appellant 'has not shown that he exercised due diligence or ordinary prudence to obtain the evidence.'" (citation omitted)).

As to Ms. Cunningham's third argument, that OPM's agency record was somehow incomplete, it does not appear that Ms. Cunningham presented this argument to the Board. Our "court has long held that appellants may not raise issues on appeal for the first time." *Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000). Although Ms. Cunningham objected to the timeliness of OPM's filing in her petition for review, she did not argue that the file was incomplete, other than noting she had additional evidence as discussed above. *See generally* SAppx41–43. Because this argument about the completeness of OPM's filing was raised for the first time on appeal, we decline to consider it.

Finally, regarding Ms. Cunningham's fourth and fifth arguments, that the Board gave her mental diagnoses insufficient weight and that the Board should have granted her disability retirement in light of her awards of Social Security Disability Insurance and DVA benefits, we lack jurisdiction to do so. *Anthony*, 58 F.3d at 625 ("OPM's factual findings and conclusions on disability may be reviewed only by the Board (under subsection (e)(1)) and not by this court.").[3]

To the extent that Ms. Cunningham argues that the Board legally erred by failing to consider her diagnoses, the Board explained "the mere diagnosis of depression or an

---

[3] The only exception to this rule appears in 5 U.S.C. § 8461(e)(2), which provides that a disability retirement decision of the Board based on the mental condition of an involuntarily retired employee (i.e., when the disability retirement application is made "by an agency" rather than the employee) is reviewed under 5 U.S.C. § 7703. *Anthony*, 58 F.3d at 624–25. This exception is not implicated here because Ms. Cunningham voluntarily resigned from her position.

anxiety disorder is not informative enough to allow either OPM or the Board to conclude, based on the diagnosis alone, that an employee is disabled from useful and efficient service." SAppx26. The Board considered Ms. Cunningham's diagnoses, and we lack jurisdiction to review the weight the Board assigned Ms. Cunningham's diagnoses.

Although we are sympathetic to Ms. Cunningham's request for disability retirement in light of her awards of Social Security Disability Insurance and DVA benefits, we lack jurisdiction over the factual findings she challenges and do not perceive any "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination'" in the Board's decision. *Anthony*, 58 F.3d at 626 (quoting *Lindahl,* 470 U.S. at 791).

## CONCLUSION

We have considered Ms. Cunningham's remaining arguments and are not persuaded. For the foregoing reasons, we affirm the decision of the Board.

## **AFFIRMED**

### COSTS

No costs.