NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VAL MCGOWAN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1891

---

Petition for review of the Merit Systems Protection Board in No. DC-844E-22-0044-I-1.

---

Decided:  June 15, 2026

---

WAYNE JOHNSON, DeCiccio & Johnson, Winter Park, FL, argued for petitioner.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before HUGHES, LINN, and STOLL, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Val McGowan appeals a decision of the Merit Systems Protection Board affirming the denial of his application for disability retirement benefits by the Office of Personnel Management. We affirm.

## I

## A

Mr. McGowan, a veteran, was employed as a medical support assistant with the Department of Defense, Defense Health Agency, at the Walter Reed National Military Medical Center. On January 1, 2021, Mr. McGowan applied for disability retirement benefits under the Federal Employees' Retirement System (FERS) plan with the Office of Personnel Management. He alleged an onset date of September 2019 for several disabling conditions, including post-traumatic stress disorder. J.A. 2–3.

OPM denied Mr. McGowan's application on March 26, 2021, after it found that Mr. McGowan's evidence did not show he was entitled to disability retirement, in part because OPM determined he was "not disabled within the meaning of the retirement law."[1] *See* J.A. 380. OPM upheld

---

[1]    To be entitled to disability retirement under FERS, an applicant must establish that: (1) they have completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, they became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least one year from the date the application for disability retirement is filed; (4) accommodation of the disabling medical condition in the position is

its denial on reconsideration, finding that Mr. McGowan failed to establish that he had a "disabling medical condition" or faced any "restrictions or limitations which interfere[d] with the duties of [his] job requirements." *See* J.A. 375.

B

Mr. McGowan appealed OPM's denial to the Merit Systems Protection Board on October 26, 2021. During these proceedings, the Board issued a pre-hearing order noticing a March 30, 2022, hearing date and requiring the parties to, in relevant part, file a statement of facts and issues along with copies of exhibits to be used at the hearing. This pre-hearing order advised, "[i]n presenting evidence at the hearing, [the parties] will be limited by [the parties'] pre-hearing submissions, except for good cause shown." J.A. 37. Mr. McGowan submitted various medical records and evidence of his employing agency's denial of accommodations. OPM's pre-hearing submission argued Mr. McGowan failed to formally request accommodations from the employing agency and that his "medical records show conflicting diagnoses (drug use) that are inconsistent with his alleged impairment." *See* J.A. 51. OPM amended its submission to also argue that Mr. McGowan's accommodations request was unreasonable and that he failed to show his PTSD was non-situational.

At the March 30, 2022, hearing, Mr. McGowan testified that his PTSD stemmed from his service in the United States Navy from 1984 to 1988. Specifically, he testified that he had been stationed aboard the U.S.S. Okinawa as an operations specialist. He explained that, on May 17, 1987, while his ship had been conducting a minesweeping

---

unreasonable; and (5) they have not declined a reasonable offer of reassignment to a vacant position. 5 C.F.R. § 844.103(a); *see also* 5 U.S.C. § 8451.

operation in the Strait of Hormuz, the U.S.S. Stark—another U.S. Naval ship—was struck by missiles. He claimed that he and other members of the U.S.S. Okinawa assisted in offloading deceased and injured seamen from the U.S.S. Stark. And Mr. McGowan testified that this incident was the source of his PTSD, which had then been "in remission" until 2019, when he began experiencing issues with his medication and stress at work. This testimony aligned with what Mr. McGowan had informed his medical providers. *See* J.A. 83 (psychiatric evaluation report stating Mr. McGowan "said he was responsible for off-loading the dead from the U.S.S. Stark bombing"); J.A. 120 ("History of Present Problem" section noting that Mr. McGowan reported he "[o]ff loaded dead from [S]tark").

In its post-hearing brief, OPM argued that the official reports on the U.S.S. Stark attack did not support Mr. McGowan's version of events. It explained that the Navy's official report did not mention the U.S.S. Okinawa and that, on May 17, 1987, the U.S.S. Okinawa was stationed in the Indian Ocean, not the Persian Gulf where the U.S.S. Stark attack occurred. J.A. 217–18. OPM included new exhibits in support. Mr. McGowan did not directly address or rebut OPM's allegations. *See, e.g.*, J.A. 321 ("[Mr. McGowan] never said that he served on the U.S.S. Stark. He said he served on the Okinawa which offloaded the bodies from the Stark.").

OPM filed an amended post-hearing brief, noting Mr. McGowan's response "confirmed his testimony [was] that he and the USS Okinawa participated in the removal of dead bodies from the USS Stark" but that "[a]bsolutely nothing could be farther from the truth." J.A. 328. Attached was further evidentiary support. OPM accused Mr. McGowan of "intentionally falsif[ying] the causation of his PTSD" and "intentionally deceiv[ing] his medical providers, OPM and the MSPB." J.A. 329. Mr. McGowan's second response again did not dispute OPM's evidence. Instead, he stated that, if OPM's amended brief was

accepted, he "would respond to show his service award which acknowledged his service on the USS Okinawa as [he] testified to and that he received combat medal, ribbon and commendation," and that the medical evidence shows he was diagnosed with PTSD. J.A. 366–67.

On September 28, 2022, the Board issued an initial decision affirming OPM's reconsideration decision denying Mr. McGowan's application for disability retirement. *McGowan v. Off. of Pers. Mgmt.*, No. DC-844E-22-0044-I-1, 2022 MSPB LEXIS 3717, at *1 (Sep. 28, 2022) (*Decision*). In its decision, the Board considered OPM's argument regarding Mr. McGowan's credibility given his testimony on the origin of his PTSD. The Board found that OPM's evidence—that "the U.S.S. Okinawa was not even in the Strait[ ] of Hormuz region" when the U.S.S. Stark attack occurred—was unrebutted and thus found Mr. McGowan's testimony was not credible. *Id.* at *14–15. And since Mr. McGowan had made the same claims to his medical providers, the Board determined that "any of the information [Mr. McGowan] provided to his treatment providers" was also not credible. *Id.* at *15–16 ("Given the gravity and severity of the appellant's fabrications, I find it impossible to conclude that any of his statements to his treatment providers were credible.").

The Board then turned to the medical evidence. *Id.* at *16–18. It found that "none of [Mr. McGowan's] proffered evidence provide a reasoned explanation of how certain aspects of his alleged condition render him unable to perform specific work requirements." *Id.* at *17. The Board then recognized there was no "objective medical evidence, such as tests or recognized psychiatric criteria against which to measure his symptoms, that he suffers from a disabling condition." *Id.* While this lack of objective evidence was not necessarily fatal to Mr. McGowan's claim, all that thus existed in the record was "subjective evidence provided directly by him and through his treatment providers." *Id.* at *17–18. And since "most, if not all, of the

evidence he has provided constitutes his own 'self report' to those who treated him," the medical evidence also was not credible. *Id.* at \*18. The Board therefore affirmed OPM's reconsideration decision, denying Mr. McGowan's application for disability retirement benefits.

The Board denied Mr. McGowan's petition for review and the initial decision became final. Mr. McGowan timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

"Our review of a Board decision that affirms OPM's denial of a disability retirement application is extremely limited." *Davis v. Off. of Pers. Mgmt.*, 470 F.3d 1059, 1060 (Fed. Cir. 2006). Subject to limited exceptions not applicable here, we are prohibited from reviewing the factual underpinnings of a disability determination, including findings of non-disability by OPM. *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed. Cir. 1995) ("OPM's factual findings and conclusions on disability may be reviewed only by the Board (under [5 U.S.C. § 8461(e)(1)]) and not by this court."). Instead, we may consider only whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (citation omitted).

Procedural matters related to discovery and evidentiary issues are reviewed under an abuse of discretion standard. *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). "This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." *Id.* And, if the Board did abuse its discretion, a petitioner must additionally "prove that the error caused substantial harm or prejudice to his rights which could have affected the outcome of the case" to prevail. *Id.* at 1379.

### III

Mr. McGowan primarily challenges the Board's treatment of evidence throughout the proceedings. Mr. McGowan first suggests that the Board committed reviewable error in denying his disability retirement claim by improperly focusing on the *cause* of his PTSD, to categorically ignore the medical evidence, when all that was relevant under the proper analysis was that Mr. McGowan *had* PTSD. Mr. McGowan then contends the Board erred in allowing OPM to present additional evidence and arguments not in OPM's pre-trial submission, in violation of the Board's own pre-hearing order.

### A

Mr. McGowan contends that the Board erred when denying his disability retirement benefits by improperly focusing on the alleged cause of his PTSD, and then "flatly refus[ing] to consider [Mr. McGowan's] medical evidence" after deeming it "subjective." Reply Br. 3. Mr. McGowan contends the cause of his disability is irrelevant under the proper FERS entitlement analysis and that the undisputed medical evidence showed he had PTSD. OPM argues that Mr. McGowan's challenge really concerns the factual underpinnings of the determination that he was not disabled, which we lack jurisdiction over.

To the extent Mr. McGowan challenges OPM's disability determination—namely, that Mr. McGowan failed to show he has a disabling condition under the statutes governing retirement benefits—we agree with OPM that we lack jurisdiction to review either OPM's disability-related factual findings or the Board's affirmance of OPM's findings. *See, e.g.*, *Smith v. Off. of Pers. Mgmt.*, 784 F.2d 397, 399–400 (Fed. Cir. 1986). But, to the extent Mr. McGowan alleges legal error, we disagree. *See Vanieken-Ryals v. Off. of Pers. Mgmt.*, 508 F.3d 1034, 1040 (Fed. Cir. 2007) ("Disqualification of evidence because of its type is an imposition of a legal standard because it inherently imposes a

categorical requirement. When the use of such a standard is dispositive of disability retirement claims, they go to the heart of the administrative determination . . . .").

Mr. McGowan alleges that the Board excluded evidence based solely on its type—because the evidence was "subjective"—in a manner not grounded in statute or regulation. He relies on *Vanieken-Ryals*, where the Board was found to have committed legal error because it "reject[ed] submitted medical evidence as entitled to no probative weight at all solely because it lack[ed] so-called 'objective' measures such as laboratory tests." *Id.* at 1042. Here, however, the Board did not categorically reject the medical evidence simply because it was "subjective." Instead, it noted the lack of objective evidence *and* considered the subjective evidence on its face. The Board recognized that the medical evidence was based on medical providers' assessments of Mr. McGowan's own statements, including the same backstory on the cause of his PTSD. The Board then excluded the subjective evidence not because of its type, but because it was not entitled to any weight under its credibility assessment of Mr. McGowan.

And to the extent Mr. McGowan alleges it was error for the Board to consider the cause of his PTSD when assessing his entitlement to disability retirement benefits, the record reveals otherwise. As noted above, the Board considered Mr. McGowan's explanation of the cause of his PTSD for the limited purpose of assessing Mr. McGowan's credibility, which in turn affected the credibility of the medical evidence he provided. *See Decision*, 2022 MSPB LEXIS 3717, at *14–18. The Board was entitled to do so. *See Frey v. Dep't of Lab.*, 359 F.3d 1355, 1361 (Fed. Cir. 2004) (noting Board has discretion to make credibility

determinations). Therefore, we find no legal error in the Board's analysis.[2]

## B

Mr. McGowan also argues that the Board abused its discretion by allowing OPM to introduce new evidence in its post-hearing brief—a purported breach of the pre-hearing order. Mr. McGowan contends that he was prejudiced by the Board's consideration of this untimely evidence because he had relied on OPM's pre-trial submissions in formulating his approach.

Mr. McGowan, however, did not squarely object to the evidence before the Board. *See, e.g.*, *Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989) ("[O]bjections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts." (alterations in original) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). Mr. McGowan's closing argument brief merely asserted that he "provided truthful, hones[t] testimony during the hearing"; he did not move to exclude or object to the evidence attached to OPM's post-hearing brief. J.A. 321. And while Mr. McGowan points to

---

[2]    Mr. McGowan also appears to suggest that the Board's characterization of his medical evidence as "subjective" was a consequence of its credibility finding. But these are distinct concepts, and the record does not support that contention. The subjective nature of the evidence does not derive from any assessment of Mr. McGowan's credibility. *See Vanieken-Ryals*, 508 F.3d at 1041–42 (explaining that "subjective" evidence in this context refers to medical evidence that derives from testimony or written statements, often of the patient's experienced symptoms). The Board therefore did not err in describing the evidence as subjective, irrespective of its separate credibility determination.

his response to OPM's amended post-hearing brief, which states "[i]f this amended brief is even permissible," J.A. 366, this statement is insufficient. *See, e.g.*, *Wallace*, 879 F.2d at 832 ("[T]he issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so."). The clause in question can hardly be said to be a clear objection or statement seeking to exclude the attached exhibits as untimely or in violation of the Board's pre-hearing order. We therefore find that Mr. McGowan has forfeited this argument.[3] *See, e.g.*, *Wallace*, 879 F.2d at 832–33; *cf. Kievenaar v. Off. of Pers. Mgmt.*, 421 F.3d 1359, 1363 (Fed. Cir. 2005*)* (finding issue preserved because "the [reviewing tribunal was] able to consider the issue and make thoughtful, reasoned decisions regarding it").

And, in any event, even if Mr. McGowan had preserved this challenge to the Board's treatment of OPM's evidence, it is within the Board's broad discretion to permit such evidence. *Curtin*, 846 F.2d at 1378 (citing 5 C.F.R. § 1201.41(a)–(b)). The Board found it could not "ignore comments [Mr. McGowan] made under oath during the hearing, as well as those he made to his treatment providers, particularly in an appeal involving allegations of psychiatric disability that turns . . . on subjective evidence provided by the appellant." *Decision*, 2022 MSPB LEXIS 3717, at *18. Mr. McGowan had the opportunity to rebut OPM's evidence to seek to restore his credibility but did not do so.[4]

---

[3]    In its final order denying review, the Board also found that Mr. McGowan was raising arguments about the Board's handling of evidence "for the first time despite having had the opportunity to raise them below." J.A. 24 n.2.

[4]    Mr. McGowan submitted evidence that he was stationed on the U.S.S. Okinawa, but this was not disputed. The dispute concerned whether the U.S.S. Okinawa, and

We cannot say that the Board abused its discretion in allowing OPM's post-hearing arguments and evidence.

## IV

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.

---

thus Mr. McGowan, was involved in the aftermath of the attacks on the U.S.S. Stark, which Mr. McGowan never directly addressed.